EL PRÓSPERO FRUIT Co., Petitioner, *v.* TAX COURT OF PUERTO RICO, Respondent.

No. 35. Argued February 19, 1945.—Decided March 14, 1945.

---

632

*Córdova & González* for petitioner. *Jesús A. González, Acting Attorney General,* and *A. D. Marchand Paz, Assistant Attorney General,* for intervener, Treasurer of Puerto Rico.

Mr. Chief Justice Travieso delivered the opinion of the court.

The petitioner, a corporation organized under the laws of the State of New York and authorized to do business in this island, duly filed its income tax return covering the period from January 1 to December 31, 1936. On November 28, 1941, the Treasurer of Puerto Rico caused to be mailed, in a registered envelope addressed to El Próspero Fruit Co., Bayamón, P. R., a notice of deficiency of income

taxes amounting to $647.50. Said notice was received by the petitioner at Bayamón on December 29, 1941, and this was the first information that the petitioner had of such deficiency having been imposed upon it.

On December 31, 1941, the petitioner requested the Treasurer of Puerto Rico to set aside the notice of deficiency and such request was denied on January 5, 1942. On January 14, 1942, the petitioner filed with the Court of Tax Appeals a petition for appeal, praying that the notice of deficiency served by the Treasurer be annulled. On June 30, 1944, the Tax Court of Puerto Rico rendered a decision dismissing the appeal and ordering the Treasurer to collect the tax in controversy and to send the corresponding computation to the office of the secretary of that tribunal. On November 24, 1944, said decision became final, and on December 7 of that same year the petitioner made the payment under protest. On December 20, 1944, the petitioner applied to this court for a writ of certiorari to review the decision of the Tax Court.

The decision of the respondent tribunal was based on the ground of lack of jurisdiction to entertain the appeal, as the same had been filed after the expiration of 30 days from November 28, 1941, the date on which the notice of deficiency was mailed.

In support of its petition the petitioner urges: (1) That the respondent tribunal erred in holding that the appeal taken to the Court of Tax Appeals should have been filed "within thirty (30) days after such notice was mailed," in accordance with the provisions of § 57(a) of the Income Tax Act of 1924, as amended by Act No. 159 of May 13, 1941, and in not computing the term for appeal in conformity with said § 57(a), as amended by Act No. 23 of November 21, 1941, according to which the appeal may be filed "within thirty (30) days immediately following the date on which the taxpayer is notified of the decision." (2) That it having

been admitted by stipulation of the parties that the notice of deficiency was received by the petitioner on December 29, 1941, when the 30 days following the date on which the notice was mailed had already elapsed, the computation of the term for appeal in accordance with the law in force prior to the amendment of December 21, 1941, would deprive the petitioner of its property without due process of law and would deny to it the equal protection of the laws, in contravention of the provisions of the Organic Act of this island. (3) That in the cases where it is shown that the notice has not been received within the 30 days following the date it was mailed, the taxpayer should be allowed a reasonable period of time, or 30 days from the receipt of the notice of deficiency, within which to file his petition for appeal.

What was the law in force on November 28, 1941, to which the Treasurer of Puerto Rico was bound to conform his action in notifying the deficiency to the petitioner? That is the only question to be decided.

Section 57(a) of the Income Tax Act of 1924, as amended by Act No. 102 of May 14, 1936, and, subsequently, by Act No. 159 of May 13, 1941, provided that if the Treasurer determines that there is a deficiency with respect to the tax imposed, "the taxpayer, . . . shall be notified of such deficiency by registered mail, .. . . " It further provided that "within 30 days after such notice is mailed, the taxpayer may file an appeal with the Board of Review and Equalization." Such was the law in force prior to the enactment of Act No. 23, approved on November 21, 1941, whereby § 57 (a) was again amended so as to read as follows:

"Section 57.—(a) If, in the case of any taxpayer, the Treasurer determines that there is a deficiency in respect to the tax imposed by this title, the taxpayer, except as provided in subdivision (c), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed in the manner established in subdivision (b). Within fifteen (15) days immediately after the date of such notice, the taxpayer may apply to the Treasurer for a reconsidera-

tion of said determination of deficiency, stating in his application the grounds on which the same is based, and the Treasurer may grant him an administrative hearing before deciding the matter, or he may deny the reconsideration requested without any hearing if, in his judgment, said application is clearly unfounded. If the taxpayer does not agree with the resolution of the Treasurer with regard to any deficiency, he may, within thirty (30) days immediately following the date on which he is notified of the resolution, file with the Court of Tax Appeals of Puerto Rico a complaint against the Treasurer, in the manner provided for in the Act creating said court; *Provided*, That (1) the resolution of the Treasurer on the determination of any deficiency, and (2) the furnishing of a bond by the taxpayer, subject to the approval of the Treasurer, for a sum of not less than three-fourths ($\frac{3}{4}$) of the amount of the tax appealed, shall each and both of them be indispensable requirements to be complied with before resorting to said court, without which the latter shall not acquire jurisdiction."

As we have seen, Act No. 23 was approved on November 21, 1941, or, as pointed out by the petitioner, seven days before the Treasurer mailed the notice of deficiency. Nevertheless, said Act did not go into effect until 90 days after its approval, or until February 19, 1942, when the notice of deficiency had already been sent and received and the petitioner had already filed its petition for appeal with the Court of Tax Appeal.

Section 11 of said Act No. 23 provides:

"It is hereby declared that there exists a necessity and emergency for the retroactivity of this Act, and it shall take effect ninety (90) days after its approval which shall take effect from and after January 1, 1941."

The petitioner argues that Act No. 23 of 1941 is a remedial statute enacted for the relief of the taxpayers, and as such should be given a retroactive effect as to the proceedings or rights that were pending adjudication, unless, it was clearly provided by the lawmaker when enacting the statute that the same should operate prospectively only; that said Act expressly provides that it should have retro-

active effect to January 1, 1941, and that the appeal herein was filed within the period fixed by § 57(a) of the Income Tax Act, as amended by said Act No. 23 of 1941.

Subdivision (a) of § 57, as embodied both in the Act of May 13, 1941, and in the Act of November 21 of that same year, specifically provides that if the Treasurer determines that there is a deficiency, the taxpayer "shall be notified of such deficiency by registered mail." The discrepancies between both statutes relate to the steps that should be taken by a taxpayer feeling aggrieved by the imposition of the deficiency in order to appeal to the Tax Court. The first Act fixes a term of 30 days "after such notice is mailed" within which the taxpayer may file an appeal. In accordance with that provision, the service of notice is considered to have been made at the time the registered envelope is deposited in the mail, and the 30-day term for appeal begins to run from that time. The second Act (No. 23 of 1941) provides:

(1) Within 15 days immediately after the time of notification of the deficiency, the taxpayer may apply to the Treasurer for reconsideration of a deficiency determination.

(2) If the taxpayer does not agree with the decision of the Treasurer with regard to the petition for reconsideration, he may, within 30 days immediately following the date on which he is notified of the decision, appeal to the Tax Court of Puerto Rico.

(3) A decision of the Treasurer on the determination of a deficiency is an indispensable requisite for the Tax Court to acquire jurisdiction.

Since the Treasurer is empowered to notify the existence of a deficiency to the taxpayer "by registered mail," which he did in the present case, we must now consider and determine which of the two dates—that of the deposit in the mail or that of the receipt of the notice—should be regarded as "the date of the notification" for the purpose of the computation of the terms for applying for a reconsideration or appealing to the Tax Court.

Section 322 of our Code of Civil Procedure, equivalent to § 1013 of the California Code, provides that in case of service by mail, the notice must be deposited in the post-office, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid; and that "the service is complete at the time of the deposit." Rule 5(*b*) of the Rules of Civil Procedure provides that "service by mail is complete upon mailing." See *American Colonial Bank* v. *Ramos et al.*, 33 P.R.R. 851, 855; *Carrión* v. *Lawton*, 43 P.R.R. 50, 53; and *Heinlen* v. *Heilbron*, 94 Cal. 636, where it was held:

"'The service by mail authorized by section 1012 does not contemplate a delivery as a part of the service, as is seen by the provision of section 1013, that "the service is complete at the time of the deposit" in the post-office. Such a service is termed a substituted service, and is intended to take the place of, and be equivalent in point of law and effect to a personal service."

In accordance with the above-cited authorities, we must hold that the service of notice of the deficiency herein was made on November 28, 1941, the date on which the Treasurer deposited said notice in the mail, in a registered envelope addressed to El Próspero Fruit Co., at its office in the town of Bayamón. It is from said date that both the 30-day period for appeal, provided by § 57(*a*) of Act No. 159 of May 13, 1941, and the 15-day period for applying for a reconsideration of a deficiency determination under said Section, as amended by Act No. 23 of November 21, 1941, should be computed.

Applying to the facts of this case § 57(*a*), as amended by Act No. 159 of May 13, 1941, and the service of notice of the deficiency having been effected on November 28, 1941, the conclusion is unavoidable that the Tax Court did not err in holding, as it did, that it lacked jurisdiction to take cognizance of the appeal because the same was taken 47 days after the notice had been deposited in the mail.

■ Should we concede, without so holding, that, under the circumstances of this case, the applicable law is Act No. 23 of 1941, we would also be bound to uphold the decision sought to be reviewed, for the service of notice having been made on November 28, 1941, the 15-day statutory period for applying for a reconsideration of the deficiency determination was allowed to expire without the taxpayer requesting such reconsideration, which is a prerequisite for the Tax Court to acquire jurisdiction. In the petition filed in this court it is alleged that on December 31, 1941, the petitioner requested the Treasurer *to set aside the notice* of November 28, 1941. However, even conceding that such a request was filed, which fact is not shown by the record before us, and that in it application was made ''for a reconsideration of said determination of deficiency, stating in the application the grounds on which the same is based,'' this would not benefit the petitioner in any way, inasmuch as said application was filed after the expiration of the period fixed by § 57(a), as amended by Act No. 23 of 1941. In the absence of a compliance with such requisite the Tax Court could not acquire jurisdiction. And subdivision (b) of said § 57 provides that when the taxpayer does not file an application for reconsideration, the Treasurer shall levy and collect the deficiency determined by him.

■ We are of opinion that the retroactive provision contained in § 11 of Act No. 23 of November 31, 1941, does not have the scope attributed to it by the petitioner, nor did the Legislature intend to give it such a scope. In the certiorari proceeding, case No. 10, *Central Aguirre Sugar Co.* v. *Tax Court of Puerto Rico, ante,* p. 257, decided December 8, 1944, this court had before it the same question raised by the Treasurer as to the scope and effect of the retroactive provisions contained in § 29 of Act No. 31 of April 12, 1941, the wording of which is identical to that of the Section now under discussion. The Treasurer maintained that, under the

terms of both said Act No. 31 and Act No. 159 of May 13, 1941, which had been enacted with retroactive effect to January 1, 1940, Central Aguirre Sugar Co. was bound to withhold and pay to the Insular Treasury the tax imposed by the new Act on the dividends paid by said corporation to its nonresident stockholders on July 15, 1940, when such dividend payments were not subject to tax under any law then in force. In deciding the question adversely to the contention of the Treasurer we said:

"The only question for us to consider and decide is as to whether it was the intention of the Legislature to give retroactive effect to the provisions of § 22 (a) of Act No. 31 of April 12, 1941, so as to render the Central Aguirre Sugar Company liable for its failure to discharge, on July 15, 1940, an obligation—that of withholding and retaining the amount of a tax on said dividends—which had no legal existence until April 12, 1941.

"* * * * * * *

"It has been admitted that on July 15, 1940, when the petitioning corporation paid to its stockholders the dividends to which they were entitled, there was no law authorizing the Treasurer of Puerto Rico to assess a tax on said dividends, which were expressly exempt from the income tax by the above-mentioned provisions of §§ 22 (a) and 32 (a) (6) of the Income Tax Act of 1924; and that on July 15, 1940, the law then in force did not require the corporation making the dividend payment to act as an agent of the Treasurer of Puerto Rico for the deduction and withholding of the tax.

"We can not agree with the Treasurer that it was the intention of the Legislature to make applicable the retroactive provision of § 29 of Act No. 31 of April 12, 1941, not only to the imposition of the tax but also to the purely administrative provisions of § 22 (a) of the same act, relating to the withholding of the tax at the time of making the dividend payments. It would be absurd to assume that the Legislature intended to impose on the petitioning corporation the duty to withhold what it had already paid to its stockholders under the prior legislation. We are bound to construe the statutes reasonably and to avoid as far as possible the raising of serious constitutional questions. The interpretation of the statute in the manner contended by the Treasurer would give rise to a most serious constitutional question. See *Luce & Co.* v. *Minimum Wage Board,* 62 P.R.R. 431."

. And, after citing some Federal authorities on the subject, we added:

"In accordance with the Federal ruling above-mentioned, we must conclude that the provisions of the statute which relate to the withholding of the amount of the tax at the time of payment of the dividends, are administrative in character and, as such, do not have the retroactive effect given by the same act to the sections imposing the tax. Recently, in the case of *Ana María Sugar Co.* v. *Buscaglia, Treas.*, decided on December 5, 1944, when interpreting the section regarding the retroactive operation of the same act, we held that the retroactive provision was not applicable to another section whereby the limitation period was increased from five to seven years."

The provisions of § 57(a) of the Income Tax Act are administrative in character, and their only purpose is to fix the procedure which should be followed by the Treasurer in serving notices of deficiency and by the taxpayer in taking appeals to the Tax Court. We do not think that it was the intention of the lawmaker to give retroactive effect to the administrative provisions of Act No. 23, much less to revive the term for appeal fixed by the former Act. Said term had already expired when the new Act became effective. Were we to hold that § 57(a), as amended by Act No. 23 of November 21, 1941, has a retroactive effect, and that the Tax Court erred in declaring that it did not have jurisdiction to entertain the appeal herein, we would be bound to hold likewise that that tribunal lacks jurisdiction to entertain appeals taken strictly in accordance with the provisions of § 57(a) embodied in Act No. 159 of May 13, 1941, because of the failure to comply with the essential prerequisite of an application for reconsideration, as provided by the last amendment.

The decision under review must be affirmed.