[No. 14489.    Department One. — June 4, 1892.]

JOHN HEINLEN, Respondent, v. AUGUST HEILBRON et al., Appellants.

Appeal — Service of Notice — Delivery through Agents — Personal Service. — The "delivery" which constitutes a personal service under section 1011 of the Code of Civil Procedure, providing for the service of notices, need not be made by the party attempting to make the service, but can be effected through a clerk or messenger, or through any agency by which a "delivery" can be made; and when the notice is so delivered, it becomes a personal service.

Id. — Delivery of Notice through Mail. — The fact that the person upon whom the service is to be made resides or has his office in a different place from that of the person making the service does not require that the service be made by mail, or preclude a personal service, and the person seeking to make the service can avail himself of any agency, such as an express company, or the instrumentality of the post-office department, with as much effect as if he had employed any other messenger. The delivery of the notice through such agency renders the service personal, and proof of such delivery establishes a personal service.

Id. — Substituted Service by Mail — Showing Required. — Substituted service of notice by mail can be made only in the cases and manner designated by statute, and it is incumbent upon one serving a notice in such a way to have it clearly appear upon the record that the case is one in which such service is permitted, and that the mode pointed out by the statute for making such service has been strictly followed.

Id. — Proof of Service — Jurisdiction — Dismissal of Appeal. — The jurisdiction of the supreme court of an action appealed thereto does not depend upon the proof of service of the notice of appeal, but upon the fact that service has been made; and a motion to dismiss an appeal upon the ground that the record does not show a sufficient service will be denied if the appellant can show by other proof that the notice was properly served, even though the transcript be defective in that regard.

ID. — NOTICE BY MAIL WRONGLY DIRECTED — AFFIDAVIT OF RESPONDENT'S
ATTORNEY — RECEIPT OF FORWARDED NOTICE — ADMISSION OF SERVICE
— JURISDICTION OF APPEAL. — Upon a motion to dismiss an appeal, upon
the ground that the notice of appeal was served by mail, and was not
properly served because addressed to the attorney for the respondent at
a place other than that in which he resided or had an office, where the
affidavit of respondent's attorney shows that he received a copy of the
notice at his office where he resided, the letter containing the notice
having been forwarded to him through the post-office, the affidavit is
equivalent to an admission of service indorsed by him upon the original
notice, establishing that there has been a personal service upon him of
such notice, and that the court has thereby obtained jurisdiction of the
appeal, and the motion will be denied.

MOTION in the Supreme Court to dismiss an appeal
from the Superior Court of Tulare County.    The facts
are stated in the opinion of the court.

*R. E. Houghton*, and *G. A. Heinlen*, for Respondent.

The service of a notice of appeal is a jurisdictional
question, which can be taken advantage of at any time
before there is a positive act of submission to the appel-
late court.    An omission in this respect cannot be sup-
plied or rectified.    (4 Wait's Practice, 224; *People* v. *El-
dridge*, 7 How. Pr. 108; *Morris* v. *Morange*, 26 How. Pr.
247; *Tripp* v. *De Bow*, 5 How. Pr. 114.)    Our supreme
court has repeatedly held that a party claiming to have
made service of any notice by mail must show a strict com-
pliance with the provisions of the statute, otherwise the
evidence must be held insufficient to establish the fact
of service.    (*People* v. *Alameda T. R. Co.*, 30 Cal. 182.)    In
this case, the affidavit of service shows a service of the
notice of appeal in strict compliance with the statute.
But such an affidavit is presumptive proof only, and
may be repelled by showing that the statements con-
tained in such affidavit are not true.    (4 Wait's Practice,
623; *Bulkeley* v. *Bulkeley*, 6 Abb. Pr. 307; *Lane* v. *Schomp*,
20 N. J. Eq. 82; *Durant* v. *Abendroth*, 53 N. Y. Sup. Ct.
15; *Wallis* v. *Lott*, 15 How. Pr. 567.)    The notice of ap-
peal is like the summons issued to bring a party into
the lower court, — the means by which the court acquires
jurisdiction of the party or case.    An affidavit of service

of summons is never conclusive on a defendant. He may be allowed to disprove it on a motion to set the proceeding aside. (*Van Rensselaer* v. *Chadwick*, 7 How. Pr. 297.)

*H. H. Welsh*, and *Daggett & Adams*, for Appellants.

The statute of this state touching questions of practice is mandatory, and declares the court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties. (Code Civ. Proc., sec. 475.) The statute above quoted has been declared to be a most beneficial provision, and should be literally construed and carried out. (*Began* v. *O'Reilly*, 32 Cal. 14; *Hess* v. *Bolinger*, 48 Cal. 354.) In view of this liberal construction, the motion should be overruled. (See *Luck* v. *Luck*, 83 Cal. 574.)

HARRISON, J. — Motion to dismiss the appeal.

In this action, pending in the county of Tulare, the superior court of that county made an order on the ninth day of February, 1891, denying the defendants' motion for a new trial. The attorney for the defendants resided and had his office in Fresno, and on the 28th of March, 1891, filed with the clerk of the above court a notice of an appeal by the defendants from the order denying their motion for a new trial. On the day previous, he had deposited in the post-office at Fresno a registered letter, containing a copy of the notice of appeal, inclosed in a sealed envelope, with the postage thereon prepaid, addressed to the attorney for the plaintiff, as follows: "G. A. Heinlen, Esq., attorney at law, Lemoore, Tulare County, Cal." The letter containing the notice of appeal was not delivered to Mr. Heinlen at Lemoore, but was forwarded to him through the mail from that place to San José on the thirty-first day of March, and was received by him through the post-office at San José on the fourth day of April, 1891. The attorney for the respondent now moves to dismiss the

appeal, upon the ground " that the notice of appeal from
the said order was not properly served on the attorney
for respondent in the manner required by law, in that
said service was made by mail, and it was not addressed
to the attorney for said respondent, either at his resi-
dence or his place of business," and in support of the
motion, presents his own affidavit, "that previous to the
month of February, 1891, deponent resided and had his
office in the city and county of San Francisco, state of
California"; and that in February he removed his office
and residence to San José, and "did not, on the twenty-
seventh day of March, 1891, and has not at any time since
said date, and does not now, reside or have his office in
the town of Lemoore; . . . . that on the said twenty-
seventh day of March, 1891, and for one month prior
thereto, and ever since said date, his residence, office,
place of business, and post-office address was at San
José."

At the hearing of the motion, several affidavits were
submitted on behalf of the respective parties, for the
purpose of determining whether Mr. Heinlen had an
office at Lemoore, but we do not deem it necessary to de-
termine this question, although we think that it suffi-
ciently appears from them that the attorney for the
appellants had good reason to believe that that was the
proper place at which to address any notice to be sent
to him through the mail.   Neither do we determine the
question of practice, suggested at the argument, as to
whether the affidavits should be filed in the first in-
stance in this court, or be brought up from the superior
court as a part of the record in that court.

Section 1011 of the Code of Civil Procedure provides
that the service of notices " may be personal, by delivery
to the party or attorney on whom the service is re-
quired to be made "; and section 1012 provides that
" service by mail may be made, where the person mak-
ing the service, and the person on whom it is to be made,
reside or have their offices in different places, between
which there is a regular communication by mail "; and

in section 1013 it is declared that " in case of service by mail, the notice or other paper must be deposited in the post-office, addressed to the person on whom it is to be served, at his office or place of residence, and the postage paid."

The " delivery " which constitutes a personal service under section 1011 need not be made by the individual who is attempting to make the service, but can be effected through a clerk or messenger, or through any agency by which a " delivery " can be made, and when the notice is so delivered, the service becomes a personal service. The fact that the person upon whom the service is to be made resides or has his office in a different place from that of the person making the service does not require that the service be made by mail, or preclude a personal service, and the person seeking to make the service can avail himself of any agency, such as Wells, Fargo & Co., or the instrumentality of the post-office department, with as much effect as if he had employed any other messenger. The delivery of the notice through such agency renders the service personal, and the proof of such delivery establishes a personal service.

The service by mail authorized by section 1012 does not contemplate a delivery as a part of the service, as is seen by the provision of section 1013, that " the service is complete at the time of the deposit" in the post-office. Such a service is termed a substituted service, and is intended to take the place of, and be equivalent in point of law and effect to a personal service. Inasmuch, however, as it is the general rule that there shall be personal service of all notices in legal proceedings, and that substituted service can be made only in the cases and in the manner designated by the statute, it follows that it is incumbent upon any one who would avail himself of this mode of service to have it clearly appear upon the record that the case is one in which such service is permitted, and that the mode pointed out by the statute for making such service has been strictly followed.

If the only proof of service appearing in the record

were that a copy of the notice of appeal had been deposited in the post-office, addressed to the attorney of the respondents at a place confessedly not his office or place of residence, or which was in some suitable mode shown not to be his office or place of residence, and a motion was made on that ground to dismiss the appeal, we should be compelled to grant the motion, for the reason that the appellant would have failed to show that any notice of appeal had been served, and therefore that it did not appear that we had any jurisdiction of the appeal. Jurisdiction, however, as has been frequently held, does not depend upon the proof of service, but upon the fact that service has been made (*In re Newman*, 75 Cal. 220; *Sichler* v. *Look*, 93 Cal. 600); and a motion to dismiss an appeal upon the ground that the record does not show a sufficient service of the notice will be denied if the appellant can show by other proof that the notice was properly served, even though the transcript be defective in that regard. (*Perri* v. *Beaumont*, 88 Cal. 108.)

The affidavit herein of the attorney for the respondent, that on the fourth day of April, 1891, he received a copy of the notice of appeal at his office and residence in San José, through the agency of the post-office, is equivalent to an admission of service indorsed by him upon the original notice, and establishes that there has been a personal service upon him of such notice, and that the court has thereby obtained jurisdiction of the appeal.

The motion is denied.

GAROUTTE, J., and PATERSON, J., concurred.

Hearing in Bank denied.