## LOWER v. WILSON *et al.*

1. Where defendant, after his motion to set aside the summons, which had been improperly served, had been overruled, interposes a counterclaim, and demands an affirmative judgment, he waives the question of jurisdiction over his person.

2. A clerk in an attorney's office, authorized to accept service of papers in cases where the attorney has been retained professionally, has no authority to accept service of summons in action against the attorney.

(Opinion filed Oct. 10, 1896.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action by H. Grant Lower against James P. Wilson and others. There was a judgment for plaintiff, and defendant Wilson appeals. Affirmed.

The facts are stated in the opinion.

*H. E. Dewey,* for appellant.

The summons was not legally served. Comp. Laws, §§ 4898, 4903; Mayer v. Griffin, 7 Wis. 82; Knox v. Miller. 18 Wis. 397; Rape v. Heaton, 9 Wis. 3⸱8; Northrup v. Shepard, 23 Wis. 513; Bulkley v. Bulkley, 6 Abb. 307; Williams v. Van Valkenburg, 16 How. 144.

*Joseph B. Moore,* for respondent.

The appellant, by his general appearance, has waived the question of jurisdiction. Crary v. Barber, 1 Col. T. 172; Miner v. Francis, 58 N. W. 343; Hercules Iron Works v. Railroad, 30 N. E. 1050.

FULLER, J.  The only service of the summons and complaint in this action upon the defendant James P. Wilson, a practicing attorney, was obtained on the 1st day of August, 1895, at his office, and in his absence, by delivering to and leaving with his clerk, Joseph W. Musgrave, copies thereof. After moving to vacate and set aside the summons and complaint upon the jurisdictional ground that the same had not been properly served, the defendants answered the complaint, and for a cause of action against plaintiff, interposed a counterclaim, upon which an affirmative judgment for $235 was demanded.  A trial to a jury resulted in a verdict and judgment against the defendants in plaintiff's favor, and the defendant Wilson, who alone appeals, assigns as error and for a reversal relies solely upon the ruling of the court upon the motion to vacate and set aside the service of the summons and complaint.

The indubitable purpose of a summons and statutory method of service is to personally apprise the defendant that an action has been commenced, and the nature thereof, so that, within a specified time, he may act advisedly with reference

thereto, and, as the statutory requirements were not observed, no legal service was had and the court acquired no jurisdiction. Mere authority upon the part of Mr. Musgrave to accept for appellant Wilson service of papers in cases where the former had been retained professionally, was wholly insufficient to authorize and render authentic the verbal acceptance of the service of the summons in an action in which said Wilson is sought to be made a party defendant. Comp. Laws, § 4898; Bulkley v. Bulkley, 6 Abb. Prac. 307; Knox v. Miller, 18 Wis. 397; Read v. French, 28 N. Y. 285; Litchfield v. Burwell, 5 How. Prac. 341. However, the failure to pursue any statutory mode of service was waived by appellant, who, by his counterclaim, subjected himself to, and invoked the jurisdiction of, the court by demanding an affirmative judgment, as well as by introducing evidence in support of the issues raised by his counterclaim and respondent's reply thereto. A different conclusion would enable a litigant, while insisting that he is not in court, to demand affirmative relief, which can only be granted upon the theory that the court has jurisdiction of the cause and of the parties thereto. It would be obviously unjust to permit a party who has interposed an objection to the jurisdiction of the court over his person to avail himself of the chance to obtain a favorable affirmative judgment against the plaintiff by voluntarily pleading a counterclaim, and by obtaining a trial upon its merits, and, at the same time, preserving his right to reverse any judgment which might be rendered against him. In order to be in a position to insist, in this court, upon his jurisdictional question, appellant should have kept out of the circuit court for all purposes other than to make the objection that the summons was not served upon him, and to resist the cause of action stated in plaintiff's complaint. While this court has held in Benedict v. Johnson, 4 S. D. 387, 57 N. W. 66, that one who has appeared specially for the sole purpose of objecting to the jurisdiction of the court over his person, may preserve an exception to an adverse ruling and answer the

complaint without waiving said objection, there is upon princi-
ple a clear distinction between that case and the one now under
consideration.   For the purpose of preventing the entry
of a credit-impairing, if not a cloud-creating judgment,
because presumptively valid, he appears, and resists the
cause of action stated in the complaint without asking
for any affirmative relief.   His answer, under such circum-
stances, is regarded compulsory to an extent that allows
him to protect his immediate interests, and, at the same
time, preserve his right to insist upon a jurisdictional ob-
jection that was good when made.   Harkness v. Hyde, 98 U. S.
476.   But when he voluntarily recognizes and invokes the juris-
diction of the court by stating an independent cause of action
existing in his favor and against the plaintiff, and demands
an affirmative judgment thereon, he brings himself clearly
within the following wholesome rule of law: "Where a defend-
ant becomes an actor in the suit, and institutes a proceeding
which has for its basis the existence of an action to which he
must be a party, he thereby submits himself to the jurisdiction
of the court, and no disclaimer which he may make on the rec-
ord that he does not intend to do so will be effectual to defeat
the consequences of his act."   2 Enc. Pl. & Prac. 626.   Our
conclusion, therefore, is that the objection to the jurisdiction
of the court, good when made, was waived by appellant when
he filed his counterclaim and went to trial upon the merits.
The judgment appealed from is affirmed.