[L. A. No. 18244.   In Bank.   May 17, 1943.]

MAUD H. HUNSTOCK, Individually and as Trustee, etc., Respondent, v. ESTATE DEVELOPMENT CORPORATION (a Corporation), Appellant.

206

Dryer, Richards & Page and P. H. Richards for Appellant.

Crail, Crail & Crail, Jacob Shearer, George W. Manierre and G. M. Cuthbertson for Respondents.

EDMONDS, J.—A decree of foreclosure which orders the sale of real property to satisfy a note secured by a mortgage, and also gives the mortgagee a judgment for any deficiency, is challenged solely upon jurisdictional grounds. The determinative question for decision is whether service of process may be made upon a domestic corporation, within the authorization of section 373 of the Civil Code, by mailing a copy of the summons and complaint to the Secretary of State.

The appellant, Estate Development Corporation, a domestic corporation, is the maker of the note and mortgage sued upon. The instruments were executed on behalf of the corporation by H. Ellis Martin, president, and L. J. Martin, secretary. Harry E. Martin, as an individual, also signed them.

Nine months after the complaint for foreclosure was filed and the summons issued thereon, John H. Nutt, one of the attorneys for the respondent mortgagee, made an ex parte application for an order directing that service in the action be made upon the mortgagor by delivering to the Secretary of State, or to any person employed in his office in the capacity of assistant or deputy, a copy of the summons and complaint in the action. As the basis for such an order, Nutt stated in an affidavit that although due diligence had been exercised, personal service of process could not be made upon the appellant in any other manner. In further support of the application, Nutt presented an affidavit made by the

respondent, and another by S. N. West, stating in detail the efforts which had been made by them to secure personal service of process upon the appellant's officers.

The superior court granted the application and directed that service of the summons and complaint in the action be made "by delivering to the Secretary of State of the State of California, or to any person employed in his office in the capacity of assistant or deputy, one copy of said summons and complaint, pursuant to the provisions of Section 373 of the Civil Code of the State of California." An affidavit of service was later filed in which Nutt averred that on July 20, 1938, he had "caused to be mailed, by registered mail, a copy of the summons and complaint in the action . . . to Frank C. Jordan, Secretary of State of the State of California, Sacramento, California, in pursuance of said order of this court." Thereafter, his affidavit continued, he "received a letter from Frank C. Jordan, Secretary of State of the State of California, signed by Robert Jordan, Assistant Secretary of State . . . [which] sets forth the fact that process above mentioned was duly received by said Secretary of State and was duly forwarded by him to Estate Development Corporation, care of H. E. Martin, 812 South Detroit Street, Los Angeles, California."

On November 29, 1938, the corporation's default was entered. Two and one-half years later, it moved to quash service of the summons and complaint. This motion was denied. Four months later, the court rendered the default judgment from which the mortgagor is prosecuting the present appeal.

The appellant proceeds upon the theory that the judgment against it is void for the reason that no service of process was ever made upon it; therefore, since it did not voluntarily appear in the action, the court was without jurisdiction to enter its default or to render judgment against it. The attack is based upon the manner of the purported service, the sufficiency of the affidavits to justify the order permitting substituted service, and the sufficiency of the affidavit of proof of service. However, the determinative question is whether the statutory requirements are satisfied by mailing to the Secretary of State a copy of the summons and complaint.

At the date of the order directing substituted service upon the appellant, the summons in a civil action was required to be served "by delivering a copy thereof as follows:

1. If the suit is against a domestic corporation: to the president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process . . . If no such officer or agent of the corporation can be found within the state after diligent search, then to the secretary of state as provided in section 373 of the Civil Code.'' (Code Civ. Proc. sec. 411.) It may be stated as a certainty that the words ''by delivering'' as used in this statute require personal service upon the designated persons. (See *Holiness Church* v. *Metropolitan Church Assn.,* 12 Cal. App. 445 [107 P. 633].)

The complementary Civil Code section then read: ''Every domestic corporation may file with the Secretary of State a designation of a natural person, stating his residence or business address in this State, as its agent for the purpose of service of process, and the delivery to such agent of a copy of any process against such corporation shall constitute valid service on such corporation. . . . If such designation has not been filed with the Secretary of State, and if personal service of process against such domestic corporation cannot be made with the exercise of due diligence in any other manner provided by law and the fact appears by affidavit to the satisfaction of the court or a judge thereof, such court or judge may make an order that the service be made upon such corporation by delivering to the Secretary of State, or to any person employed in his office in the capacity of assistant or deputy, one copy of such process for each defendant to be served. Service in such manner shall be and constitute personal service upon such corporation. Upon the receipt of such copy of process, the Secretary of State shall give notice of the service of such process to the corporation at its principal office in this State, by forwarding to such office, by registered mail with request for return receipt, such copy of such process. The defendant shall appear and answer within thirty days after delivery of such process to the Secretary of State.'' (Civ. Code, sec. 373.)

There is then this situation: Section 411 of the Code of Civil Procedure, which is the general statute providing for the manner of service upon a domestic corporation, requires personal delivery of process to a designated person. That section is supplemented by section 373 of the Civil Code,

which is specifically referred to as stating the method to be used to effect service when an officer or agent of the corporation cannot be found within the state. In the Civil Code enactment, the Legislature has twice used the word "delivery." First, it has provided that service may be made by "the delivery to . . . [its designated] agent of a copy of any process." Next it has authorized, under certain circumstances, service "by delivering [a copy of the process] to the Secretary of State."

It will not be seriously argued that by the use of the word "delivery" in the sentence referring to service upon an agent, the Legislature intended that it should be made in any other manner than by hand. And in addition to the rule that a word which is used more than once in a statute is to be given the same meaning in each instance, unless a contrary intention clearly appears, (*Coleman* v. *City of Oakland*, 110 Cal.App. 715 [295 P. 59]), the context of section 373 requires a definition of "delivery" as excluding any means other than manual. For the service upon the Secretary of State may be made by delivery of the process not only to him but also "to any person employed in his office in the capacity of assistant or deputy." The obvious purpose of this provision is to make a number of persons available for the service of process, a purpose which would be entirely unnecessary if the Legislature had intended delivery of a copy of the process to be made by mail or express addressed to the Secretary of State and received in the course of the routine business of the office.

The contentions of the respondent would lead to this curious result: Although the word "delivery' must be construed as meaning delivery by hand when used in section 411 of the Code of Civil Procedure and one provision of section 373 of the Civil Code, whose terms are incorporated into the general statute by reference, it should be so broadly defined in the next sentence of the same section as allowing a delivery by mail. There is no reasonable basis in law or logic for such a construction.

Another elementary rule also compels this conclusion. The two code sections both provide for the manner of service of summons upon a domestic corporation and they are closely bound together by the reference in one to the other. Unquestionably they are *in pari materia* and as such must be construed together. Accordingly, there being no contrary in-

tention expressed by the Legislature, the word "delivery" must be given the same meaning in each enactment. (*Jameson Petroleum Co.* v. *State,* 11 Cal.App.2d 677, 680 [54 P.2d 776]; *Old Homestead Bakery, Inc.* v. *Marsh,* 75 Cal.App. 247, 258, 259 [242 P. 749]; *People* v. *Wells,* 11 Cal. 329; and see *City of Long Beach* v. *Payne,* 3 Cal.2d 184, 191 [44 P.2d 305]; *Dalton* v. *Lelande,* 22 Cal.App. 481, 486 [135 P. 54].)

In support of her assertion that mailing is one method of delivery recognized by section 373, the respondent calls attention to the fact that the statute specifically authorizes mailing of the process by the Secretary of State to the principal office of the corporation. The answer to this contention is. that service is complete when the process is delivered to the Secretary of State, and its subsequent mailing to the corporation is an act which follows service. As a matter of fact, the use in the section of the word "delivery" in connection with service, and of the word "mailing" with reference to a later act strongly indicates a legislative differentiation between the formality of delivery in making service of process and the method of giving notice by mailing, after service has been made upon the Secretary of State.

That "delivery" constituting personal service within the meaning of section 1011 of the Code of Civil Procedure may be effected by mailing the notice or paper to be served under that section is well settled. (Code Civ. Proc., sec. 1012; *Heinlen* v. *Heilbron,* 94 Cal. 636, 640 [30 P. 8] (notice of appeal); *Shearman* v. *Jorgensen,* 106 Cal. 483, 485 [39 P. 863] (notice of ruling on demurrer); and see *Colyear* v. *Tobriner,* 7 Cal.2d 735, 743 [62 P.2d 741, 109 A.L.R. 191] (notice of termination of tenancy).) But the service of the summons and complaint in an action is not governed by that section but by section 411 of the same code, which carries into effect the common law rule of personal delivery.

The respondent also argues that a course of administrative procedure which depends upon the construction of a statute by executive officers of the state charged with the duty of executing it is entitled to consideration and is given great weight by the courts. (*County of Los Angeles* v. *Superior Court,* 17 Cal.2d 707, 712 [112 P.2d 10]; *Bodinson Mfg. Co.* v. *California Emp. Com.,* 17 Cal.2d 321, 325, 326 [109 P.2d 935].) But she presented no evidence of an interpretation of the law by the Secretary of State which is

in her favor. On the contrary, according to the appellant, the Secretary of State has consistently followed the procedure which it contends is required by the applicable code provisions.

In support of its contention, the corporation, in its brief, quotes a statement of former Secretary of State Paul Peek, addressed to the legal profession and published in legal newspapers, reading as follows: " 'It is true that this office is endeavoring to cooperate with the attorneys in effecting service under said section 373, and where process is received by mail with an express request that it be turned over to someone in the office for personal delivery to the Secretary of State, his assistant or a deputy, we are complying with such requests and furnishing affidavits of personal service by the individuals who actually make the service, but this procedure is available only as to process currently received. As to process previously received by mail, and not known to have been delivered to the Secretary of State, his assistant or a deputy by any given person, it is probable such defective service may be cured only by new service on one of the said authorized State officers personally.' "

Although the respondent concedes that the Secretary of State may not waive any defect in service, she relies upon a letter written by him to her counsel as a written admission of service. In the leading case of *Bennett* v. *Supreme Tent, K. of M.*, 40 Wash. 431 [82 P. 744, 2 L.R.A. N.S. 389], the court held that since service of summons and complaint in an action against a foreign corporation could not be made by mailing them to the insurance commissioner, the statutory agent for service of process, he could not give validity to the service by admitting or waiving service upon him. "To hold that such agent can admit or waive service of summons, where no service has been in fact made, is to add materially to the powers conferred upon him by the statute." This decision is generally regarded as being well-grounded in principle. (See note, 2 L.R.A. (N.S.) 389; 21 R.C.L., Process, sec. 112, pp. 1360, 1361; and see *Lower* v. *Wilson*, 9 S.D. 252 [68 N.W. 545, 62 Am.St.Rep. 865]; 42 Am.Jur., Process, sec. 33, n. 10, p. 31; 50 C. J., Process, sec. 87, p. 487.) The letter of the Secretary of State in the present case, however, does not even purport to be an admission of service; it merely states that "pursuant to Section 373, Civil Code of the State of California, we have, today, transmitted, by registered letter"

a copy of the summons and complaint to the corporation. When or how the process was received is not stated; indeed, the fact of receipt itself is left to implication from the statement that the copies had been mailed to the appellant.

But the respondent insists that because the Secretary of State received a copy of the process, the court should not concern itself with the means by which he obtained it. That argument ignores the necessity of personal service of summons in any case where it is required. Surely no one would contend that if a natural person received a copy of process in an action against him by any means other than personal delivery, in the absence of an admission in writing of service in accordance with section 415 of the Civil Code, the court would have jurisdiction to enter a default judgment against him.

The burden of service by personal delivery to the Secretary of State, or one of his deputies, is no greater than that imposed upon a plaintiff seeking to serve a defendant personally. Indeed it is much less, for, under ordinary circumstances, one of the persons named in the statute will always be found at the State Capitol during business hours. And any argument based upon the allegedly needless expense of requiring manual delivery rather than mailing is one to be addressed to the Legislature and not to the courts.

The judgment is reversed.

Gibson, C. J., Shenk, J., Curtis, J., and Traynor. J., concurred.

CARTER, J.—I dissent.

The question presented by this appeal is whether the delivery of a summons by mail to and receipt of it by the Secretary of State followed by the mailing of it by the latter to the defendant corporation, in an action against the corporation, is sufficient compliance with the law on the subject. The case presented is properly one for substituted service and comes within the terms of section 373 of the Civil Code, as it read prior to 1941, as follows:

"Every domestic corporation may file with the Secretary of State a designation of a natural person, stating his residence or business address in this State, as its agent for the purpose of service of process, and the delivery to such agent of a copy of any process against such corporation shall con-

stitute valid service on such corporation. Such corporation shall file with the Secretary of State notice of any change in the address of the person thus designated, and may revoke any such designation by filing notice of the revocation thereof with the Secretary of State.

"If such designation has not been filed with the Secretary of State, and if personal service of process against such domestic corporation cannot be made with the exercise of due diligence in any other manner provided by law and the fact appears by affidavit to the satisfaction of the court or a judge thereof, such court or judge may make an order that the service be made upon such corporation *by delivering to the Secretary of State,* or to any person employed in his office in the capacity of assistant or deputy, one copy of such process for each defendant to be served. Service in such manner shall be and constitute personal service upon such corporation. Upon the receipt of such copy of process, the Secretary of State shall give notice of the service of such process to the corporation at its principal office in this State, by forwarding to such office, by registered mail with request for return receipt, such copy of such process. The defendant shall appear and answer within thirty days after delivery of such process to the Secretary of State." (Emphasis added.)

The majority opinion holds that the delivery of the summons to the Secretary of State must be a personal one and not by mail. Indulgence in such technicality should not be permitted to thwart the ends of substantial justice. It must be remembered that the service involved is *substituted* service and not personal service. It is made effective as a means of acquiring jurisdiction in personam by statutory declaration. Such service does not necessarily give the defendant personal notification of the action. It need merely be designed to be likely to have that effect. Jurisdiction is acquired if compliance is had with the statutory requirements, even though the defendant never in fact receives a copy of the summons. Requiring the defendant to be subjected to jurisdiction over its person in that manner is a reasonable regulation when it fails to designate an agent upon whom process may be served or give the names and addresses of its officers. The purpose of requiring personal delivery of a summons to a natural person is to leave no doubt that he receives notice of the action. In substituted service only a reasonable probability of that result is required. Hence, delivery by mail to the Secre-

tary of State is sufficient. To require personal delivery to the Secretary of State is contrary to the very nature of substituted service which rather than being personal service is a substitute therefor. It follows that when the Legislature established a method of substituted service it did not intend to require personal delivery of the summons to the Secretary of State. That *personal service* was not contemplated clearly appears from the case of *Holiness Church* v. *Metropolitan Church Assn.*, 12 Cal.App. 445 [107 P. 633], which holds that service on a foreign corporation by delivery to the Secretary of State is *not personal service;* it is substituted service. If it is not personal service then no personal delivery is required. A delivery by mail accomplishes all that is required, that is, substituted service.

If the Legislature had intended to require service by personal manual delivery rather than delivery by mail, it would have so provided. It should be noted that in specifying how summons shall be served generally it is stated that: ''The summons must be served by delivering a copy thereof as follows: . . . 7. In all other cases to the defendant *personally.*'' (Code of Civ. Proc., sec. 411.) No requirement of *personal* delivery to the Secretary of State is made in section 373 of the Civil Code, the statute here in question. Likewise in section 413 of the Code of Civil Procedure providing that personal service out of the state may be made in lieu of mailing. The service specified is *personal* service. Also to the same effect are sections 1011 and 1019 of the Code of Civil Procedure.

In my opinion, the service of summons in this case was in substantial compliance with the statutory provisions relating to substituted service of summons on a domestic corporation which has not designated a person on whom service of process can be made, and the judgment should therefore be affirmed.

Peters J. pro tem., concurred.

Respondent's petition for a rehearing was denied June 14, 1943. Carter, J., voted for a rehearing.