GUMERSINDO COLLAZO ET AL., Plaintiffs and Appellants, *v.* PUIG & ABRAHAM, Defendant and Appellee.

No. 10146.    Argued January 9, 1950.—Decided January 26, 1950.

*Víctor M. Bosch* for appellants.    *Damián Monserrat, Jr.* and *Gabriel de la Haba* for appellee.

MR. CHIEF JUSTICE DE JESÚS delivered the opinion of the Court.

The appellee prays for the dismissal of this appeal for lack of jurisdiction.    It maintains that counsel for both parties have their offices in the city of San Juan, yet the service of notice of appeal was made by mail.

The notice of judgment was served on November 14, 1949 and on the following day the appellants filed the notice of appeal and mailed in the post office of San Juan, in the proper manner, an envelope containing the copy of the notice of appeal addressed to the attorneys of the appellee in San

Juan. The appellee admits that it received the copy of the notice of appeal and does not deny the statement of the appellant to the effect that it actually received it within the statutory term. Since appellants deposited it in the post office on the first of the five days allowed for appeals by Act No. 10 of 1917, as amended, we must accept as true that it was timely received. It contends, however, that the notice is void because since the attorneys for both parties do not have their offices in different places, between which there is regular communication by mail, the notice may only be served personally. Appellee invokes §§ 296, 320 and 321 of the Code of Civil Procedure as well as Act No. 10 of November 14, 1917, as amended, which makes no provision as to the manner of serving a notice of appeal.

The proceeding to regulate the appeals is not provided for in the Rules of Civil Procedure. Consequently, the procedure for taking appeals is governed by the provisions of the aforesaid Code among which are the Sections invoked by the appellee. *Hernández* v. *Municipal Court*, 69 P.R.R. 827. It is well known that our Code was adopted, to a great extent, from the California Code of Civil Procedure. The Sections dealing on the notice of papers and appearances, that is, §§ 1011, 1012 and 1013 *et seq.* of the California Code, correspond to §§ 320, 321 and 322 of our Code. When those Sections were adopted by our Code, they had already been construed in California in the sense that in those cases where the notice must be served personally and it is sent by mail and the party for whom it is intended receives it within the statutory period, it renders the service personal. *Heinlen* v. *Heilbron*, 30 Pac. 8 (Cal. 1892) and *Shearman* v. *Jorgensen*, 39 Pac. 863 (Cal. 1895). And this is now the prevailing rule in that state. *Colyear* v. *Tobriner*, 62 P. 2d 741 (Cal. 1936); *Hunstock* v. *Estate Development Corporation*, 138 P. (2d) 1 (Cal. 1943) and *Reserve Oil & Gas Co.* v. *Metzenbaum*, 191 P.2d 796 (Cal. 1948). Of course, if service is by mail when, pursuant to § 321, it should be made

personally, the person making the service takes the risk, if the notice is not received within the statutory period, that the appellate court acquire no jurisdiction. But since in the instant case the appellee received the notice within the term to appeal, it is equivalent to a personal service.[1]

For the reasons stated, the motion to dismiss is overruled.

---

[1] In *People* v. *Carmona, ante,* ·p. 292; *Asencio* v. *Heirs of Rodríguez,* 49 P.R.R. 8; *Marxuach* v. *Acosta,* 35 P.R.R. 582 and *Gascón* v. *Alvarez,* 28 P.R.R. 339, among others, the question herein decided was not raised. Since 1913, when the case of *Quintero et al.* v. *Morales,* 19 P.R.R. 1120 was decided, this Court announced in a dictum at page. 1124 how the question would be disposed of if it were shown that the notice sent by mail was received within the statutory period.