GENARO ALONSO FONSECA, Plaintiff and Appellant *v.* RAMONA MUÑOZ SANTANA WIDOW OF ALONSO AT AL., Defendants and Appellees.

No. 10913. Argued April 1, 1953.—Decided May 7, 1953.

*Santos P. Amadeo* and *Rafael V. Pérez Marchand* for appellant.
*Fiddler, González & Nido* and *Carlos J. Faure* for appellees.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The defendants pray for the dismissal of the appeal taken by the plaintiff. As the basis for their motion they allege: (1) that although the notice of judgment was filed with the record on January 27, 1953, they did not receive a copy of

the notice of appeal that plaintiff had to serve on them until February 27 following, that is, 31 days later; (2) that although plaintiff's attorneys as well as defendants have their professional offices within the same municipality, service of the notice was made by mail; (3) that the notice was not accompanied by an affidavit of service nor did it specify the place where appellant's attorneys have their offices.

Appellant objected. He alleges that the certificate of the clerk of the Superior Court, San Juan Part, which he attaches, shows that the notice of appeal was timely filed in the office of the clerk of said court; that the service of said notice was also timely made and that it complies with the requirements of service provided by § 322 of the Code of Civil Procedure and that pursuant to § 321 of said Code, the affidavit of appellant's attorney to the effect that he deposited in the post office a duly stamped envelope containing a copy of the notice of appeal addressed to defendants' attorneys is sufficient, if it states that "between San Juan and Río Piedras there is a regular mail service under the authority of the United States of America."

Although Río Piedras and San Juan were separate municipalities, yet, pursuant to Act No. 210 of May 4, 1951 (Sess. Laws, p. 558), and to the referendum had thereunder,[1] Río Piedras is now an integral part of our capital. Consequently, we shall turn to determine whether since appellant's as well as appellees' attorneys have their respective offices in the same city, although in different places, the service of the notice of appeal, as made, complies with the statutory requirements.

Pursuant to § 296 of the Code of Civil Procedure "An appeal is taken by filing with the secretary of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, or some specific part thereof, and *serving a similar notice on the adverse party,*

---

[1] We take judicial notice of the result of that referendum.

*or his attorney.*" (Italics ours.) On the other hand § 320 of the same Code provides essentially that: "The service of notice or other paper may be personal,[2] by delivery to the party or attorney on whom the service is required to be made . . ." and § 321 that: "Service by mail may be made, where the person making the service, and the person on whom it is to be made, *reside or have their offices in different places,* between which there is a regular communication by mail." (Italics ours.) In the present case it is unquestionable that the notice of appeal was filed in the office of the clerk of the lower court within the term of 30 days—§ 295 par. (1) of the Code of Civil Procedure—. It is likewise unquestionable—as appellees admit—that the copy of the notice of appeal was received by them one day after the expiration of said period. We shall, however, determine in the first place whether since the attorneys for both parties reside in the same city, service could be made by mail and in the second place whether although the notice was deposited in the post office of Río Piedras within the statutory period but was not received until after said period had expired, said service is valid.

In *Collazo v. Puig Abraham,* 70 P.R.R. 780, the attorneys for both parties had their respective offices in the city of San Juan. Notwithstanding this, service of the notice of appeal was made by mail on the adverse party. The latter prayed for the dismissal of the appeal and in deciding it we said:

"The proceeding to regulate the appeals is not provided for in the Rules of Civil Procedure. Consequently, the procedure for taking appeals is governed by the provisions of the aforesaid Code among which are the Sections invoked by the appellee. *Hernández v. Municipal Court,* 69 P.R.R. 827.[3] It is well known that our Code was adopted, to a great extent,

---

[2] The Spanish version copies the English text.
[3] To this effect see also *Colón v. Imperial Guarantee Co.,* 73 P.R.R. 822, 828 and *Rodríguez v. Fonalledas,* 71 P. R.R. 783, 785.

from the California Code of Civil Procedure. The Sections dealing on the notice of papers and appearances, that is, §§ 1011, 1012 and 1013 *et seq.* of the California Code, correspond to §§ 320, 321 and 322 of our Code. When those Sections were adopted by our Code, they had already been construed in California in the sense that *in those cases where the notice must be served personally and it is sent by mail and the party for whom it is intended receives it within the statutory period, it renders the service personal. Heinlen* v. *Heilbron,* 30 Pac. 8 (Cal. 1892) and *Shearman* v. *Jorgensen,* 39 Pac. 863 (Cal. 1895). And this is now the prevailing rule in that state. *Colyear* v. *Tobriner,* 62 P. 2d 741 (Cal. 1936) ; *Hunstock* v. *Estate Development Corporation,* 138 P. (2d) 1 (Cal. 1943) and *Reverse Oil & Gas Co.* v. *Metzenbaum,* 191 P. 2d 796 (Cal. 1948). *Of course, if service is by mail when, pursuant to § 321, it should be made personally, the person making the service takes the risk, if the notice is not received within the statutory period, that the appellate court acquire no jurisdiction.* But since in the instant case the appellee received the notice within the term to appeal, it is equivalent to a personal service." (Italics ours.)

In harmony with the foregoing reasoning we denied the dismissal sought in that case.

However, that case is clearly distinguishable from the case at bar, inasmuch as here although the attorneys for both parties reside or have their offices in the same city, both reside or have their offices in different places, and between said points there is a regular mail service. In such cases, as we shall see, service by mail is valid.

Section 321 of the Code of Civil Procedure provides as we have seen, that "Service by mail may be made, where the person making the service, and the person on whom it is to be made, reside or have their offices in different places, between which there is a regular communication by mail." We have no doubt that Río Piedras and San Juan are integral parts of the Capital of Puerto Rico, nor do we doubt that they are "different places" within the same municipality, nor that between these two points there is a regular mail service. It is of common knowledge that until recently Río

Piedras was a separate and independent municipality of our capital. It is also of public knowledge that at that time as well as at present Río Piedras and San Juan had and have separate post offices under the management of different postmasters. All this leads us to the conclusion that although Río Piedras and San Juan are parts of the same city, yet, for our present purposes, they are *different places*. Therefore, in harmony with § 321 of the Code of Civil Procedure, *supra*, we reach the conclusion that the service made herein was valid.

■ On the other hand, since service by mail is valid, the deposit of the notice within the period available to the aggrieved party to appeal met the statutory requirements, inasmuch as in such cases "service is complete at the time of the deposit [in the post office]." Section 322 of the Code of Civil Procedure; *Tugwell, Governor* v. *Barreto*, 67 P.R.R. 512, 517; *Próspero Fruit Co.* v. *Tax Court*, 64 P.R.R. 631, 637; *Serra* v. *Municipal Court*, 49 P.R.R. 528; *Carrión* v. *Lawton*, 43 P.R.R. 50, 52; *Carrión* v. *Lawton*, 43 P.R.R. 296.

■ The fact that the notice of appeal [4] was not accompanied by an affidavit and that it failed to state the place where appellant's attorneys have their offices is no reason for the dismissal of the appeal. As we said in *Tugwell, Governor* v. *Barreto, supra*, "Any defect in the manner in which a notice of appeal is addressed by mail to the attorney of the party is cured by the actual receipt by said attorney of a copy of said notice as addressed to him." See also *Berio* v. *Santiago*, 41 P.R.R. 88; *Serra* v. *Municipal Court, supra*, and *Ex parte Bithorn*, 53 P.R.R. 556, 559. Here appellees admit having received the notice.

The motion to dismiss will be denied.

---

[4] Said affidavit was required by Rule 75 of the former Rules of the Supreme Court, which went into effect on March 1, 1909. The new Rules, effective since May 1, 1946, do not require such an affidavit.