[Crim. No. 12264.   Second Dist., Div. Four.   Sept. 16, 1966.]

In re GEORGE JAMES MORGAN on Habeas Corpus.

J. James Hollister III, under appointment by the District Court of Appeal, for Petitioner.

Vern B. Thomas, District Attorney, and Frank J. McCarthy, Assistant District Attorney, for Respondent.

CHANTRY, J. pro tem.*—The petitioner, George James Morgan, by petition for writ of habeas corpus, challenges the validity of the writ of rendition issued by the Governor of the

---

*Assigned by the Chairman of the Judicial Council.

State of California ordering his arrest and extradition to Wyoming to stand trial for nonsupport of his minor child.

The facts relevant to an understanding of this proceeding commence with the marriage of petitioner to Carol Ann Morgan in 1961; the birth of a son in Santa Maria, California, January 1963; the separation of the parties in August 1964; and the moving of Carol and her son to the State of Wyoming.

On September 25, 1964, the petitioner was charged by a complaint filed in Laramie County, Wyoming, with nonsupport of his child under the Uniform Reciprocal Enforcement of Support Act of that state.[1] Thereafter the State of Wyoming, acting as the initiating state,[2] transmitted the papers required by the pertinent provisions of the Uniform Support Law to the Superior Court for Santa Barbara County, State of California, as the respondent state.[3] The Superior Court for Santa Barbara County, in accordance with Code of Civil Procedure, section 1680,[4] filed the cause in that court on September 28, 1964. The matter was heard on November 3, 1964, and on November 5, petitioner, being present in court, was ordered to pay $50 per month for the support of his minor child.

---

[1] All states in the United States, the District of Columbia, and the Territories of Guam, Puerto Rico, and the Virgin Islands have adopted the Uniform Reciprocal Enforcement of Support Act. Chapter 86, Session Laws of Wyoming, 1953, is an enactment of that act and identical in substance with the California act. Both state acts are hereinafter referred to as ''Uniform Support Law.''

[2] ''Section 13. If the court of this state acting as an initiating state finds that the petition sets forth facts from which it may be determined that the defendant owes a duty of support and that a court of the responding state may obtain jurisdiction of the defendant or his property, it shall so certify and shall cause three copies of (1) the petition, (2) its certificate and (3) this Act to be transmitted to the court in the responding state. . . .'' Chapter 86, Session Laws of Wyoming, 1953.

[3] The certified documents transmitted from Wyoming include the copy of complaint, testimony of plaintiff, certification and order, Chapter 86, Session Laws of Wyoming, 1953, Uniform Reciprocal Enforcement Support Act, Carol Ann Morgan, Plaintiff, v. George James Morgan, Defendant, Doc. 57, No. 234.

[4] ''(a) After the court of this State, acting as a responding state, receives from the court of an initiating state the aforesaid copies, the clerk of the court shall docket the cause and notify the prosecuting official of his action.

''(b) It shall be the duty of the prosecuting official to prosecute the case diligently. He shall take all action necessary in accordance with the laws of this State to give the court jurisdiction of the defendant or his property. He shall, upon being notified that the cause has been docketed, request the court to issue a citation requiring defendant to appear personally at a specified time and place to show cause why an order should not be issued on the basis of the complaint on file, and he shall cause a

Failure of the petitioner to make any payments under the support order eventuated in an order to show cause re contempt, which resulted in a finding by the court that petitioner Morgan had the ability to pay at all times since the entry of the original order of November 5, 1964, but willfully failed to do so. By virtue of certain arrangements between the parties, an order was made on July 29, 1965, vacating the contempt and ordering the petitioner herein to pay $50 per month commencing July 1, 1965, and monthly thereafter. One partial payment of $10 has been made under the July 29, 1965, support order.

Between November 5, 1964, and December of 1965 the authorities in Wyoming sent three different fugitive warrants to California for the apprehension of petitioner Morgan. On the first two occasions the warrants were returned, because it had not yet been demonstrated the petitioner would not comply with the civil support order. When the third fugitive warrant was received in December of 1965, a fugitive complaint was filed in the Santa Maria Municipal Court December 23, 1965, and the defendant was arrested and arraigned thereon.

The Governor of Wyoming on January 25, 1966, addressed a warrant of requisition with annexed papers duly authenticated to the Governor of California, requesting that petitioner be extradited to Wyoming[5] on the criminal charge of nonsupport of his minor child.

The petitioner contends that "One held under an extradition warrant, on a charge of non-support of his minor child in another state, is entitled to release on habeas corpus where there is no compliance with PC § 1548.2 and § 1549.1 and neither the demand for extradition or the warrant shows that the accused was present in the demanding state when the crime was committed, or that he subsequently fled therefrom,

---

copy of the complaint and of the citation to be served upon the defendant at least five days prior to the hearing.

"From the time of the service of the citation, and a copy of the complaint, the court is deemed to have acquired jurisdiction of the defendant and to have control of all subsequent proceedings. Neither the issuance of a summons nor a service thereof shall be required." (Code Civ. Proc., § 1680.)

[5]The papers annexed to the Wyoming requisition consist of the application of the Prosecuting Attorney of Laramie County, Wyoming, to the Governor of Wyoming for a requisition, criminal complaint and information sworn to by Carol Ann Morgan, criminal warrant, section 20-71, Wyoming Statutes, 1957, as amended (Criminal Support Law), the affidavit of Carol Ann Morgan, and certification of these papers.

or that he committed an act in another state intentionally resulting in a crime in the demanding state.''

This is not a proceeding for extradition under the provisions of Penal Code, section 1548.2.[6] Respondent is not a fugitive within the meaning of that section, since he was not present in the demanding state at the time of the commission of the alleged crime, and he did not thereafter flee from that state. We are here concerned with extradition under the criminal enforcement provisions of the Reciprocal Enforcement of Support Act, which are set out in sections 1660 and 1661 of the Code of Civil Procedure, or extradition under Penal Code, section 1549.1.

The Code of Civil Procedure, section 1660, provides: ''The Governor of this State . . . (2) may surrender on demand by the Governor of any other state any person found in this State who is charged in such other state with *the crime of failing to provide for the support of a person in such other state.* The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding . . . state.'' (Italics added.)

Section 1661, subdivision (e) of the Code of Civil Procedure provides: ''If an action for support has been brought, and pursuant thereto the person demanded is subject to a support order, the Governor shall decline to honor the demand so long as the person demanded is complying with the support order.'' If the petitioner had met the requirements of the orders issued by the Superior Court for Santa Barbara County, he could have been relieved from extradition under that subdivision. For reasons not made known to us, the petitioner has failed to comply with any of the child support orders made by the California court.

Penal Code, section 1549.1, provides: ''The Governor of this State may also surrender, on demand of the executive authority of any other State, any person in this State charged in

---

[6]Penal Code, sections 1548.2 and 1549.1 are included within the Uniform Criminal Extradition Act to which California and Wyoming are signatory. Sections 1548.1 and 1548.2 embody the provisions of article IV, section 2, clause 2, of the United States Constitution and the enabling provisions passed by Congress. (Rev. Stats., 18 U.S.C.A. § 3182.)

such other State in the manner provided in section 1548.2 of this code with committing an act in this State, or in a third State, intentionally resulting in a crime in the State whose executive authority is making the demand. The provisions of this chapter, not otherwise inconsistent, shall apply to such cases, even though the accused was not in the demanding State at the time of the commission of the crime, and has not fled therefrom. Neither the demand, the oath, nor any proceedings under this chapter pursuant to this section need state or show that the accused has fled from justice from, or at the time of the commission of the crime was in, the demanding or other State.''

It should be noted that section 1660 of the Code of Civil Procedure and section 1549.1 of the Penal Code are not entirely dissimilar in language.

While section 1660 of the Code of Civil Procedure does not directly refer to any particular section of the Penal Code, it does say: ''. . . The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand . . .'' Section 1548.2 of the Penal Code contains certain provisions relating to the demand for extradition, and the form, content, and authentication of documents to accompany the demand, that are not inconsistent with the provisions for extradition set forth in section 1660 of the Code of Civil Procedure. ▆ We therefore hold that a demand for extradition under Code of Civil Procedure, section 1660, is sufficient in form if it is in writing and accompanied by a copy of an indictment found or by information or by copy of an affidavit made before a magistrate in the demanding state together with a copy of any warrant which was issued thereon; and the indictment, information or affidavit made before a magistrate substantially charges the person demanded with having committed a crime under the laws of that state; and the copy of indictment, information, and affidavit is certified as authentic by the executive authority making the demand.

Extradition by Penal Code, section 1549.1, is limited to acts committed in this state or a third state intentionally resulting in a crime in the state whose executive authority is making a demand but does not include extradition of one charged solely with the crime of nonsupport of a person in the demanding state without the commission of an act in this state. Either an act committed in this state or in a third state intentionally resulting in a crime in the demanding state or presence in the demanding state at the time of the commission of the alleged

crime and thereafter fleeing from that state are prerequisites for extradition under sections 1549.1 or 1548.2 of the Penal Code. Section 1660 of the Code of Civil Procedure complements these Penal Code sections by providing for extradition of anyone found in this state who is charged in such other state with the crime of failing to provide for the support of such person in the other state. Neither being in the other state at the time of the commission of the alleged crime, and thereafter fleeing from the other state, or committing an act in this state intentionally resulting in a crime in the demanding state is required for extradition pursuant to the provisions of the Code of Civil Procedure, section 1660. If this were not so, certain beneficial aspects of the Uniform Support Law would be invalidated.

■ Sections 1548.2 and 1549.1 of the Penal Code and sections 1660 and 1661 of the Code of Civil Procedure are *in pari materia* and should be construed with reference to each other. (*Hunstock* v. *Estate Dev. Corp.*, 22 Cal.2d 205, 210 [138 P.2d 1, 148 A.L.R. 968].) ■ "[T]he object of all construction of statutes is to ascertain and give effect to the intention of the legislature. . . . [R]egard is to be had not so much to the exact phraseology in which the intent has been expressed as to the general tenor and scope of the entire scheme embodied in the enactments. (*Palache* v. *Pacific Ins. Co.*, 42 Cal. 418, 430.)" (*County of Los Angeles* v. *Frisbie*, 19 Cal.2d 634, 639 [122 P.2d 526].)

■ It is now settled that extradition under the terms of the federal Constitution (see U.S. Const., art. IV, § 2, cl. 2; 18 U.S.C.A. § 3182; Pen. Code, §§ 1548.1, 1548.2) is an absolute duty and right. It is not a matter of mere comity, subject to the pleasure of each state. (*In Matter of Romaine*, 23 Cal. 585.) ■ While state laws cannot place limitations upon the extradition which is required by federal law, the state Legislature may permit the Governor to surrender a fugitive on terms less exacting than those imposed by the act of Congress. (*In re Davis*, 68 Cal.App.2d 798 [158 P.2d 36], *In re Tenner*, 20 Cal.2d 670 [128 P.2d 338], *Innes* v. *Tobin*, 240 U.S. 127 [36 S.Ct. 290, 60 L.Ed. 562] ; *In re Cooper*, 53 Cal.2d 772 [349 P.2d 956] ; *In re Morgan*, 86 Cal.App.2d 217 [194 P.2d 800].) Section 1549.1 of the Penal Code (Uniform Criminal Extradition Act) and section 1660 of the Code of Civil Procedure (Uniform Support Act) are examples of legislative enactment by voluntary and cooperative action between the

states extending interstate rendition beyond that required by federal law. (*Morgan* v. *Horrall*, 175 F.2d 404, 407.)

It is said that "In reviewing an extradition order on habeas corpus, the inquiry is restricted to a determination of the identity of the person, whether he is a fugitive from justice, whether the demand is in due form, and whether there is a charge of what is alleged to be a crime in the demanding state with a reasonable possibility that it may be such. In short, the inquiry is normally limited to the determination of whether the statutory requisites for extradition have been complied with in the requisition and rendition." (21 Cal.Jur.2d, Extraditions, § 45, p. 650; *In re Shoemaker*, 25 Cal.App. 551 [144 P. 985].)

The documents, papers, and report which were transmitted to the Governor of California in connection with the warrant of requisition and which support the warrant of rendition, more than satisfy all the demand requirements of Penal Code, section 1548.2, not inconsistent with the provisions of the Code of Civil Procedure, section 1660.

The demand of the Governor of Wyoming is in writing. There is annexed thereto a complaint and information subscribed and sworn to before a magistrate, a criminal warrant issued thereon by a magistrate charging petitioner with the crime of nonsupport in Wyoming, an affidavit of Carol Ann Morgan, as complaining witness, charging the petitioner in California with continuing to fail to support his child and describing in considerable detail the legal proceeding instituted in California under the Uniform Support Law. Carol's affidavit, which was also made before a magistrate, charges that ". . . George James Morgan . . . now in the State of California . . . has made no payments as directed by [the California] court order [of July 29, 1965]." All of these writings annexed to the warrant of requisition were certified as authentic by the Governor of Wyoming.

Section 1548.2 of the Penal Code provides that the essential facts may be charged either by an information or by an affidavit made before a magistrate. It is immaterial that the information does not allege the commission of acts in this state intentionally resulting in crimes in Wyoming. Such allegations are set forth in Carol Ann Morgan's affidavit. (*In re Cooper*, *supra*, 53 Cal.2d 772, 777-779.) According to *Cooper*, "Since the purpose of affidavits to support extradition is not to secure immediate arrests but to convince the respective Governors that extradition is justified, it is immaterial that the magis-

trate did not act on the affidavits. [Citations.] Thus, section 1548.2 does not require that a warrant accompany a demand based upon an affidavit but only that 'any warrant which was issued thereon' shall be included. [Citation.]

". . . . . . . . . . . . .

"Sections 1549.1 and 1548.2 do not provide that the indictment alone or the affidavit alone must sufficiently allege all of the facts necessary to support extradition under section 1549.1. To add such a provision would exalt form over substance. ▪ Protection from unjustified extradition does not lie in reading into the extradition laws purely technical requirements that a forewarned prosecutor could easily meet, but in the sound judgment of the respective Governors charged with the administration of those laws. Their judgment is entitled to great weight. As the United States Supreme Court stated, in reviewing the sufficiency of an affidavit to support extradition pursuant to federal law, 'When it appears, as it does here, that the affidavit in question was regarded by the executive authority of the respective States concerned as a sufficient basis, in law, for their acting—the one in making a requisition, the other in issuing a warrant for the arrest of the alleged fugitive—the judiciary should not interfere, on *habeas corpus,* and discharge the accused, upon technical grounds, and unless it be clear that what was done was in plain contravention of law.' [Citations.]"

The Governor of California requested the District Attorney of Santa Barbara County to investigate the Wyoming demand pursuant to the provisions of section 1661, subdivision (b), of the Code of Civil Procedure[7, 8] and report to the Governor of California in writing. The reply to the Governor contained a recital of the court proceedings in the Santa Barbara County reciprocal support action and set forth a complete chronology

---

[7]Code of Civil Procedure, section 1661, subdivision (b): "When under this or a substantially similar law, a demand is made upon the Governor of this State by the Governor of another state for the surrender of a person charged in the other state with the crime of failing to provide support, the Governor may call upon any prosecuting attorney to investigate or assist in investigating the demand, and to report to him whether any action for support has been brought under this title or would be effective."

[8]Penal Code, section 1548.3: "When a demand is made upon the Governor of this State by the executive authority of another State for the surrender of a person so charged with crime, the Governor may call upon the Attorney General or any district attorney in this State to investigate or assist in investigating the demand, and to report to him the situation and circumstances of the person so demanded, and whether he ought to be surrendered according to the provisions of this chapter."

of the case, which included this statement: "To date, the respondent [George James Morgan] has made two payments pursuant to the various orders of the court: one on May 5, 1965 in the amount of $50 and one on February 15, 1966 in the amount of $10."

The Governor of this state has the duty of determining whether a sufficient showing has been made to warrant the extradition demanded. It is his duty to do so if the warrant of requisition and accompanying documents meet the requirements of the extradition statutes. However, he may by the use of the procedure set forth in Penal Code, section 1548.3 and Code of Civil Procedure, section 1661, subdivision (e), consider evidence outside the papers sent with the requisition. (35 C.J.S., Extradition, § 15, pp. 425-428; *Ex parte Graves,* 236 Mass. 493 [128 N.E. 867].)

The Uniform Support Law contemplates two distinct courses of action in the enforcement of support duties: (1) extradition, and (2) initiation of civil proceedings in the demanding state with the opportunity thereafter given to the one owing a duty of support to submit to subsequently assumed jurisdiction of the court in the responding state, and either or both courses of action may be pursued at the election of the demanding state and the person to whom a duty of support is owed. (*In re Floyd,* 43 Cal.2d 379 [273 P.2d 820].)

The Supreme Court of this state in *Floyd* passed on the question of extradition under Code of Civil Procedure, section 1660, at pages 380-381, in this language: "The act [Uniform Reciprocal Enforcement of Support Act] also provides for the criminal enforcement of the support duty through the extradition process. Thus, under the criminal reciprocal provisions (Code Civ. Proc. § 1660), the governor of another state may demand from the governor of this state the surrender of any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in the other state, and the governor of this state may surrender on demand by the governor of such other state any person found in this state who is so charged in the other state."

The allegation of the crime of failing to provide support of a person in Wyoming brought petitioner within the purport of Code of Civil Procedure, section 1660.

The recitation in the warrant of requisition of the Governor of Wyoming that he is acting "pursuant to the

provisions of the Constitution and the laws of the United States,'' does not vitiate the demand and charge of crime therein contained. Such recitals were unnecessary and extraneous to the offense charged (nonsupport) and not a requirement for extradition under the Uniform Support Law adopted by the States of California and Wyoming (Code Civ. Proc., §§ 1660, 1661; Ch. 86, Session Laws of Wyoming, 1951 and 1953, §§ 5, 6) or California Penal Code, section 1549.1. The warrant of requisition has been considered at all times by the Attorney General, the Extradition Secretary to the Governor of the State of California, and the Governor as a requisition for extradition within the terms of the Uniform Support Law.[9] ■■■ The Governor may take notice of the laws of the demanding state without proof thereof being submitted to him. (*State* ex rel. *Kojis* v. *Barczak*, 264 Wis. 136 [58 N.W.2d 420].)

The return to the petition has annexed to it as exhibits: (1) all of the documents received from the State of Wyoming, (2) copies of the proceedings and orders for support filed in the Superior Court for Santa Barbara, and (3) investigation report of the District Attorney of Santa Barbara County to the Governor regarding the action for support in California pursuant to section 1661, subdivision (b) of the Code of Civil Procedure.

■■■ The documents, papers, and report considered by the Governor substantially support a conclusion that the statutory regulations for extradition under Penal Code, section 1549.1, or Code of Civil Procedure, section 1660, have been complied with in the warrant of requisition and the warrant of rendition. The warrant of rendition for the arrest and delivery of the petitioner Morgan to the agent of the State of Wyoming who is authorized to receive him into his custody and convey him back to the State of Wyoming was issued within the provisions of the laws of this state.

For these reasons the order to show cause is discharged; the

---

[9]The requisition from the Governor of Wyoming bears an ''Approved as to Form'' stamp, pursuant to the Uniform Reciprocal Enforcement of Support Act, dated January 31, 1966 with the signature of a California deputy attorney general. A letter from the Extradition Secretary to Governor Brown addressed to the District Attorney of Santa Barbara County requests an investigation pursuant to the provisions of section 1661, subdivision (b), of the Code of Civil Procedure, and the warrant of rendition refers to said demand by the Governor of Wyoming having been made ''pursuant to the laws of the State of California and of the State of Wyoming, (Uniform Reciprocal Enforcement of Support Act) . . .''

petition for writ of habeas corpus is denied; and petitioner is remanded to custody, to be removed from this state, in accordance with the warrant of the Governor.

Files, P. J., and Kingsley, J., concurred.