584

María Bithorn Vda. de Benítez, Administradora Judicial, apelante, Ex parte; José Manuel Benítez, apelado.

Núm. 7775.—*Sometido:* Julio 11, 1938. *Resuelto:* Julio 20, 1938.

*González Fagundo & González, Jr.,* abogados de la apelante; *Miguel A. Muñoz,* abogado del apelado.

El Juez Asociado Señor De Jesús emitió la opinión del tribunal.

El 29 de abril último la Corte de Distrito de Humacao dictó una resolución ordenando el cierre de la administración

judicial en este caso y concediendo a la administradora un · plazo de treinta días para la rendición de su cuenta final. Contra esa resolución la administradora interpuso este recurso, cuya desestimación solicita el apelado fundándose en los siguientes motivos:

1. Que conforme aparece del escrito de apelación, la resolución apelada fué notificada a la administradora judicial el 9 de mayo y no fué hasta el 24 del mismo mes que el apelado recibió por correo la notificación del escrito de apelación, entendiendo por esta razón el apelado que el recurso le fué notificado después de haber expirado el término legal.

2. Porque la copia del escrito de apelación que recibió el apelado no fué cursada por correo certificado.

3. Porque el diligenciamiento de la notificación del escrito de apelación no se ha acreditado por medio de *affidavit*.

En oposición a la moción del apelado la apelante radicó un escrito a manera de memorándum en el que expone los fundamentos legales que cree tener para que no se desestime el recurso, y separadamente el abogado F. González Fagundo, uno de los representantes legales de la apelante, radicó un *affidavit* en el que asegura que el día 18 de mayo depositó una copia del escrito de apelación en las oficinas del correo de la ciudad de Humacao en un sobre cerrado debidamente franqueado y dirigido al abogado del apelado, Sr. Miguel A. Muñoz, a esta ciudad de San Juan.

■■ En la moción de desestimación no se expresa en qué fecha la apelante depositó en el correo la copia del escrito de apelación. La apelante, sin embargo, asegura bajo el juramento no controvertido de su abogado Sr. F. González Fagundo, que verificó esa diligencia el 18 de mayo, o sea nueve días después de notificársele la resolución apelada. El artículo 322 del Código de Enjuiciamiento Civil y la jurisprudencia interpretativa del mismo, contenida en los casos de *American Colonial Bank* v. *Ramos,* 33 D.P.R. 890, 894, *Serra* v. *Corte Municipal,* 49 D.P.R. 542, y otros al mismo efecto, sostienen terminantemente que en la notificación sus-

tituta o constructiva la notificación o la entrega del documento se entiende cumplida al tiempo de hacerse el depósito en el correo y no cuando la recibe el destinatario. Habiéndose notificado la resolución a la apelante el 9 de mayo, al depositarse en el correo la copia del escrito de apelación el 18 del mismo mes, es evidente que el recurso se notificó legalmente al apelado dentro del término de nueve días. Por consiguiente, cualquiera que sea la naturaleza de la resolución apelada, preciso es concluir que el recurso fué notificado en tiempo. Artículo 295 del Código de Enjuiciamiento Civil.

Se queja el apelado de que la copia del escrito de apelación no le fué remitida por correo certificado. No lo niega la apelante en su *affidavit*, pero ese requisito no era necesario en el presente caso. El Código de Enjuiciamiento Civil sólo exige que la notificación de documentos se curse por correo certificado en el caso previsto en el inciso 2 del artíulo 320 del citado código, es decir, *cuando la notificación se hace a la parte y se ignora su residencia.* En los demás casos puede enviarse el pliego por correo ordinario, aunque recomendamos como mejor práctica hacerlo por correo certificado, ya que de ese modo con mayor seguridad llegará el pliego al destinatario. Véanse *Serra* v. *Corte Municipal,* supra, y artículos 321 y 322 del Código de Enjuiciamiento Civil.

Las diligencias judiciales deben constar en forma auténtica. Cuando se trata de un funcionario autorizado por la ley para acreditar sus actuaciones por medio de certificación, su certificado es suficiente. En los demás casos las diligencias deben acreditarse por medio del *affidavit* de la persona que las verifica. *Murphy* v. *Sumner,* 74 Cal. 316; *Reinhart* v. *Lugo,* 86 Cal. 395; *Harris* v. *Minnesota Inv. Co., et al.,* (Cal.) 265 P. 306.

Nuestras leyes no autorizan a los abogados a acreditar las notificaciones que hagan por medio de certificación. Por el contrario, el artículo 75 del reglamento de este tribunal dispone que la notificación de documentos y mociones a la

parte contraria se acreditará, a no ser que la ley disponga lo contrario, por medio de la declaración jurada de la persona que diligencie la notificación o entrega. Véase *Serra* v. *Corte Municipal,* supra. Por consiguiente, asiste la razón al apelado al quejarse de que los abogados de la apelante no acreditaron el diligenciamiento de la notificación por medio de *affidavit,* siendo ineficaz el certificado que a ese efecto extendieron. Sin embargo, la jurisdicción de este tribunal no depende de la prueba de haberse hecho la notificación, sino de que en realidad la notificación se haya verificado en el tiempo y forma que dispone la ley. 21 Cal. Jur. 575, sección 88. Por esa razón cuando del récord no aparece la debida constancia de haberse diligenciado la notificación, puede el tribunal discrecionalmente conceder un plazo razonable para que la actuación o diligencia se acredite en forma legal. *Perri* v. *Beaumont,* 88 Cal. 108. En el caso de *Serra* v. *Corte Municipal* tantas veces citado, al conceder permiso al apelante para acreditar la notificación del escrito de apelación, se dijo por este tribunal:

"El apelante, sin embargo, solicita permiso para radicar el juramento omitido. En diversas ocasiones hemos permitido se hagan en corte abierta los juramentos necesarios omitidos en escritos originales. Igualmente hemos permitido que se demuestre con prueba *aliunde* que una corte municipal ha adquirido jurisdicción. Que tal prueba puede ser presentada en una situación algo similar, es el resultado de nuestra decisión en el caso de *Berio* v. *De Santiago,* 41 D.P.R. 87. No hallamos razón alguna para distinguir en principio este caso."

En el presente caso ya hemos visto que el apelado admite que fué notificado con copia del escrito de apelación, aunque según él, fuera de tiempo. Aparece también unido a los autos el *affidavit* que posteriormente radicó el abogado F. González Fagundo, que sustancialmente cumple con los requisitos legales. Por consiguiente es innecesario radicar un *affidavit* adicional, y por la autoridad de los casos de *Perri* v. *Beaumont* y *Serra* v. *Corte Municipal,* supra, *procede denegar la moción de desestimación.*