GENARO ALONSO FONSECA, demandante y apelante, *v.* RAMONA MUÑOZ SANTANA VDA. DE ALONSO Y OTROS, demandados y apelados.

Número 10913.

*Sometido:* 1 de abril de 1953. *Resuelto:* 7 de mayo de 1953.

*Santos P. Amadeo* y *Rafael V. Pérez Marchand,* abogados del apelante; *Fiddler, González & Nido* y *Carlos J. Faure,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Los demandados interesan que desestimemos la apelación interpuesta por el demandante. Se fundan para ello en que: (1) no obstante haberse archivado en autos en 27 de enero de 1953 la notificación de la sentencia, ellos no recibieron la copia del escrito de apelación que debería servirles el demandante hasta el día 27 de febrero siguiente, o sea hasta 31 días más tarde; (2) a pesar de tener tanto los abogados del demandante como ellos sus respectivas oficinas profesionales dentro del mismo municipio, la notificación del escrito de apelación se les hizo por correo; (3) la constancia de tal no-

tificación no se hizo bajo juramento, ni se especifica en ella el lugar donde los abogados del apelante tienen sus oficinas.

El apelante se ha opuesto. Sostiene que según se desprende de la certificación suscrita por la secretaria del Tribunal Superior, Sección de San Juan, que acompaña, el escrito de apelación quedó radicado oportunamente en la Secretaría de dicho tribunal; que la notificación de dicho escrito también fué hecha a tiempo y la misma se ajusta a lo estatuído por el artículo 322 del Código de Enjuiciamiento Civil en lo relativo a notificaciones; y que de conformidad con el artículo 321 de dicho Código, la certificación por el abogado del apelante al efecto de que depositó en la oficina de correos un sobre debidamente franqueado dirigido a los abogados de los demandados, conteniendo copia del escrito de apelación, es suficiente, si en ella se hace constar que "entre San Juan y Río Piedras existe un servicio regular de correos bajo la autoridad de los Estados Unidos de América."

■ Si bien Río Piedras y San Juan constituían municipios separados, sin embargo, de conformidad con la Ley 210 de 4 de mayo de 1951, pág. 559, y con el referéndum celebrado de acuerdo con la misma, (¹) hoy en día el primero de dichos municipios forma parte integrante de nuestra ciudad capital. En su consecuencia, procederemos a determinar si teniendo tanto los abogados del apelante como los de los apelados sus oficinas respectivas en la misma ciudad, aunque en distintos puntos de ella, la notificación del escrito de apelación en la forma en que se hizo cumple con lo dispuesto por la ley.

Según el artículo 296 del Código de Enjuiciamiento Civil "Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y *presentando idéntica manifestación a la parte contraria o a su abogado.*" (Bas-

---

(¹) Del resultado de ese referéndum estamos tomando conocimiento judicial.

tardillas nuestras.) Por otra parte, el artículo 320 del mismo Código dispone en lo esencial que: "La diligencia de una notificación o entrega de documentos deberá hacerse personalmente, (²) a la parte o a su abogado, según proceda . . ." y el 321 que: "La remisión por correo podrá tener lugar, cuando la persona encargada de hacer la notificación o remitir los documentos y aquélla a quien fueren dirigidos *residieren o tuvieren sus oficinas en distintos puntos*, entre los cuales hubiere un servicio regular de comunicaciones por correo." (Bastardillas nuestras.) En el presente caso es innegable que el escrito de apelación fué radicado en la secretaría del tribunal sentenciador dentro del término de 30 días—art. 295, inciso (1) del Código de Enjuiciamiento Civil—. Es innegable también—así lo admiten los apelados—que copia del escrito de apelación fué recibido por ellos un día después de vencido dicho término. Es menester, no obstante, determinar en primer lugar si residiendo los abogados de ambas partes en la misma ciudad, la notificación podía hacerse por correo y en segundo lugar si habiéndose depositado la misma en el correo de Río Piedras dentro del término fijado por la ley para apelar, pero habiéndose recibido después de vencido dicho término, tal notificación es válida en derecho.

En *Collazo* v. *Puig y Abraham*, 70 D.P.R. 817, los abogados de una y otra parte tenían sus respectivas oficinas en la ciudad de San Juan. No obstante ello, copia del escrito de apelación fué servido por correo a la parte contraria. Ésta solicitó la desestimación del recurso y al resolverlo dijimos en nuestra opinión:

"El procedimiento para regular los trámites apelativos no está comprendido en las Reglas de Enjuiciamiento Civil. Por consiguiente, los trámites del recurso de apelación se rigen por las disposiciones pertinentes de dicho Código, entre las cuales se hallan los artículos invocados por la apelada. *Hernández*

---

(²) "The service of notice or other paper may be personal," dice el texto en inglés.

v. *Corte Municipal,* 69 D.P.R. 887.(³)   Es sabido que nuestro Código ha sido adoptado, en gran parte, del Código de Enjuiciamiento Civil de California.   Los artículos correspondientes a la notificación de documentos y comparecencias, o sean los 1011, 1012, 1013 y siguientes del Código de California, corresponden a los 320, 321 y 322 del nuestro.   Al traerse dichos artículos a nuestro Código, ya habían sido interpretados en California en el sentido de que *en aquellos casos en que la notificación debe hacerse personalmente y ésta se envía por correo y la parte a quien se intenta notificar la recibe dentro del término para apelar, eso equivale a una notificación personal.   Heinlen* v. *Heilbron,* 30 Pac. 8 (Cal. 1892) y *Shearman* v. *Jorgensen,* 39 Pac. 863 (Cal. 1895).   Y ésta es la regla que prevalece en la actualidad en aquel estado.   *Colyear* v. *Tobriner,* 62 P.2d 741 (Cal. 1936) ; *Hunstock* v. *Estate Development Corporation,* 138 P.2d 1 (Cal. 1943) y *Reserve Oil & Gas Co.* v. *Metzenbaum,* 191 P.2d 796 (Cal. 1948).   *Claro es que si se utiliza el correo para enviar una notificación cuando de acuerdo con el artículo 321 debe verificarse personalmente, el que notifica corre el riesgo de que de no ser recibida la notificación dentro del término para apelar, la corte apelativa no adquiera jurisdicción.*   Pero como en el presente caso la apelada recibió la notificación dentro del término para apelar, equivale a haber sido notificada personalmente."   (Bastardillas nuestras.)

De conformidad con el anterior razonamiento, declaramos en dicho caso sin lugar la desestimación interesada.

Sin embargo, ese caso es claramente distinguible del presente, ya que en éste si bien los abogados de una y otra parte residen o tienen sus oficinas en la misma ciudad, ambos residen o tienen sus oficinas en *distintos puntos* de ésta, y entre tales puntos existe un servicio regular de comunicaciones por correo.   En semejantes casos, según veremos en seguida, la notificación del escrito de apelación puede hacerse por correo.

El artículo 321 del Código de Enjuiciamiento Civil dispone, según se ha visto, que "la remisión por correo podrá tener lugar, cuando la persona encargada de hacer la noti-

---

(³) A este respecto véanse también *Colón* v. *Imperial Guarantee, etc., Co.,* 73 D.P.R. 881, 889 y *Rodríguez* v. *Fonalledas,* 71 D.P.R. 836, 838.

ficación o remitir los documentos y aquélla a quien fueren dirigidos residieren o tuvieren sus oficinas en distintos puntos (*differents places*), entre los cuales hubiere un servicio regular de comunicaciones por correo." No hay duda de que Río Piedras y San Juan son parte integrantes de la Capital de Puerto Rico, mas tampoco la hay de que son "distintos puntos" del mismo municipio, ni de que entre esos dos puntos existe un servicio regular de comunicaciones por correo. Es de conocimiento general que hasta hace poco Río Piedras fué un municipio separado e independiente de nuestra ciudad capital. También es de conocimiento público que tanto entonces como ahora Río Piedras y San Juan tenían y tienen oficinas de correos independientes, a cargo de administradores (*postmasters*) distintos. Todo ello nos lleva a la conclusión de que si bien Río Piedras y San Juan son partes de la misma ciudad, sin embargo, a los fines de la cuestión que nos ocupa son *distintos puntos*. Por tanto, en armonía con el artículo 321 del Código de Enjuiciamiento Civil, supra, concluímos que la notificación hecha en este caso se ajustó a derecho.

■ Por otra parte, estando autorizada la notificación del escrito de apelación por correo, el depósito de la misma dentro del término que tenía la parte perjudicada para apelar cumplió con lo dispuesto por el estatuto, toda vez que en tales casos "la notificación . . . queda cumplida al tiempo de hacerse el depósito en el correo." Artículo 322 Cód. Enj. Civil; *Tugwell, Gobernador* v. *Barreto*, 67 D.P.R. 546, 551; *Próspero Fruit Co.* v. *Tribunal de Contribuciones*, 64 D.P.R. 661, 667; *Serra* v. *Corte Municipal*, 49 D.P.R. 542; *Carrión* v. *Lawton*, 43 D.P.R. 53, 55; *Carrión* v. *Lawton*, 43 D.P.R. 311.

■ El no haberse hecho bajo juramento la constancia de la notificación del escrito de apelación [4] y el dejar de especificar en ella el lugar donde los abogados del apelante tienen

---

[4] Ese juramento era requerido por la Regla 75 del antiguo Reglamento de este Tribunal, que empezó a regir el 1º de marzo de 1909. El nuevo Reglamento, vigente desde el 1º de mayo de 1946, no requiere semejante juramento.

sus oficinas, tampoco es motivo para desestimar. Conforme dijimos en *Tugwell, Gobernador* v. *Barreto*, supra, "cualquier defecto en la forma en que se dirija por correo la notificación del escrito de apelación al abogado de una parte, queda curado si éste recibe la copia del escrito como le fué dirigido." Véanse también *Berio* v. *De Santiago*, 41 D.P.R. 87; *Serra* v. *Corte Municipal*, supra y *Ex parte Bithorn Vda. Benítez*, 53 D.P.R. 584, 587. Aquí la parte apelada admite haber recibido tal notificación.

*Debe declararse sin lugar la moción para desestimar.*