EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANDRÉS ORONA MERCED y LEONARDO RENTAS MALDONADO, acusados y apelantes.

*Número:* CR-62-413          *Resuelto:* 28 de octubre de 1963

*Guillermo S. Pierluisi*, abogado de los apelantes; *J. B. Fernández Badillo, Procurador General, y Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Andrés Orona Merced, Leonardo Rentas Maldonado, Orlando Zengotita Ruiz, Pedro Juan Román Rosado, Oscar Torres Torres y John Doe, c/p Luis y por "El Estudiante", fueron acusados por el ministerio público de un delito de robo. El juicio contra los tres primeros tuvo lugar durante los días 27, 28 y 29 de septiembre de 1961 en el Tribunal Superior, Sala de Ponce, y el jurado que entendió en el mismo rindió un veredicto de no culpable en el caso contra Zengotita y de culpabilidad en el de los primeros dos a quienes dicho tribunal le impuso una pena de 5 a 10 años de presidio.

En apelación los acusados-apelantes apuntan que el tribunal sentenciador cometió los siguientes dos errores:

1.—"El Tribunal a quo cometió error al permitir al Fiscal referirse en su informe al Jurado a los testigos Rafael Martínez Medina y Ana María de Jesús, testigos éstos que él había renunciado en el sentido de que sus declaraciones corroboraban los testimonios de los testigos de cargo, Don Antonio Batis y su esposa, así como al negarse, a petición de la defensa, a instruir al jurado a borrar de sus mentes todo lo referente al testimonio de dichos testigos, por no haber declarado éstos durante el curso del juicio."

2.—"El Tribunal a quo cometió error en permitir al testigo Julián Gómez, Policía Insular, declarar en relación con actos del co-acusado Pedro Juan Román Rosado y respecto a la ocupación de una pistola a éste, hechos estos acaecidos tres días después de la fecha de la comisión del delito y no estando celebrándose juicio contra dicho co-acusado Pedro Juan Rosado."

A los efectos de disponer del caso, discutiremos primeramente el segundo error. No se cometió este error. Con anterioridad al testimonio objetado, el fiscal había presentado prueba de que los coacusados, al entrar en la casa del perjudicado Antonio Batis Oliveras, le apuntaron con una pistola cada uno y "dispararon al suelo un tiro para que.no gritara." Batis identificó una de dichas armas como la que fue disparada. Luego un Sargento de la Policía declaró respecto a un casquillo de bala que encontró en el lugar en que había hecho el disparo. Después se presentó prueba al efecto de que el referido casquillo fue disparado por la pistola en cuestión. Fue después de establecidos estos hechos que se presentó el testimonio objetado para establecer cómo, dónde, cuándo y a quién se le había ocupado dicha arma. Tal testimonio constituía prueba relevante. Por último, se trataba de actos de un conspirador llevados a cabo después de consumado la conspiración. Tales actos son admisibles contra los conspiradores, pues tienden a confirmar los hechos de la conspiración o demuestran la intención de los conspiradores. *Pueblo* v. *Castro*, 75 D.P.R. 672, 685 (1953).

A nuestro juicio, el primer error se cometió. A los efectos de una clara comprensión de la forma y manera cómo se

incurrió en el mismo, es necesario hacer una exposición extensa del incidente que dio lugar, según aparece del récord. Al terminar la presentación de su prueba, el fiscal anunció al tribunal que, por considerarla prueba acumulativa él renunciaba al testimonio de Humberto Santos, Rafael Martínez Medina, la niñera Ana María de Jesús y Santos H. Godineaux, testigos cuyos nombres aparecían al dorso de la acusación. Copiamos del récord taquigráfico, págs. 402–409, lo siguiente: "(El Fiscal empieza a informar a las Damas y Caballeros del Jurado.)

LCDO. PIERLUISI:

Objeción, ¿qué es eso?, el Fiscal dice aquí que la niñera . . . El Fiscal no puede especular sobre una testigo que no tuvo el Fiscal, digamos por no decir el valor, la disposición de presentarla como testigo. El Fiscal si quería que las damas y caballeros del Jurado apreciaran la declaración de la niñera tenía que pasarla por ahí.

HON. JUEZ:

¿Qué referencia ha hecho?

HON. FISCAL:

Correspondiente a prueba acumulativa que se puso a disposición de la defensa y la defensa la entrevistó. Si no hubiera sido ofrecida a ellos, *ni no le hubieran dicho lo mismo a ellos, ¿por qué no la sentaron ahí?*

LCDO. PIERLUISI:

Lo que el Fiscal está diciendo es que la declaración del testigo Martínez Medina corrobora el testimonio de don Antonio Batiz y su señora, además indica que el de la niñera también corrobora estos testimonios y entra a decir sobre esos extremos.

Nosotros pedimos una instrucción al Jurado en el sentido de que deben borrar de sus mentes todo lo que concierne a la niñera por cuanto la niñera no declaró y no puede su testimonio tomarse en cuenta porque no ha sido ofrecido ni está en evidencia. El Jurado es juez y es un principio elemental que un juez puede juzgar el caso por la evidencia ofrecida y admitida; aquello que no ha sido ofrecido y admitido no.

El hecho de que el Fiscal renunciara a sus testigos y nosotros no los cogiéramos, no venimos obligados a cogerlos, como el Fis-

cal no viene obligado a coger los testigos que la defensa renuncie. Eso no es motivo para que el Fiscal diga y entre a especular con una declaración que no ha pasado por ahí, que el Jurado no la ha oído y que nosotros no hemos repreguntado.

HON. FISCAL:

Si el compañero busca la ley y la jurisprudencia que dice que cuando una parte renuncia a un testigo por entender que es prueba acumulativa y lo pone a la disposición de la otra parte, *Su Señoría sabe que es porque de declarar, declararía en igual o similares términos.*

HON. JUEZ:

Todo tiene un propósito, o sea, cuando se ofrece una prueba acumulativa que es prueba de la misma naturaleza a la ya desfilada, hay la presunción de que esos testigos van a declarar substancialmente igual a todos o a algunos de los extremos contenidos en las declaraciones anteriores. *Precisamente por eso es que se ofrecen a disposición de la defensa por si después de una entrevista con ellos les es posible desvirtuar esa presunción.* Creemos que la posición asumida por el Fiscal es correcta.

LCDO. PIERLUISI:

Solicitamos la reconsideración. Vuestro Honor comete un grave error al resolver en esa forma por los siguientes fundamentos: No hay ninguna presunción en la ley de que cuando se renuncia a un testigo, si el Fiscal renunció a determinados testigos porque a juicio de él era prueba acumulativa, no surge ninguna presunción legal en el sentido de que esa prueba de venir a declarar diría lo mismo que dijeron los demás. No hay ninguna presunción en la ley que yo conozca ni en la jurisprudencia. Lo único que sé es que ninguna parte puede ser obligada a presentar todos los testigos y cuando considera que ha probado su caso prima facie, puede renunciar a aquellos testigos que crea que son acumulativos. Lo que sí existe en la ley es que se presume que una parte que ofrece un testigo y no lo usa es porque le va a ser adverso. Es todo lo contrario, una parte que ofrece y pone en la acusación un testigo y lo trae y lo juramenta . . .

HON. JUEZ:

Es una situación distinta.

LCDO. PIERLUISI:

Pero déjeme terminar. . . . se presume que es adverso y para evitar, yo quiero llevar al récord este incidente, para ·evitar que

esa presunción surta efecto, para evitar eso, el Fiscal o la defensa, de que esa presunción funcione es que debe ofrecerlos, ofrecer los testigos a la otra parte. Haciendo eso no hay presunción en contra, pero nunca así como ha resuelto Vuestro Honor. Por eso pedimos a Vuestro Honor que reconsidere e instruya al Jurado que borren de sus mentes todo lo que concierne a lo que ha declarado, según el Fiscal, a todo lo relacionado al testimonio de la niñera en este caso. . . ¿cómo se llama Fiscal?

HON. FISCAL:

Ana María de Jesús. . . . por no estar en récord, porque no declaró.

HON. JUEZ:

Sin lugar la reconsideración.

LCDO. PIERLUISI:

Tomamos excepción.

HON. JUEZ:

Anótese la excepción.

LCDO. MARTÍNEZ COLÓN:

Nosotros representamos a uno de los acusados e igualmente tomamos excepción.

HON. JUEZ:

Anótese la excepción por cada uno de los acusados.

LCDO. PIERLUISI:

Vamos a solicitar una instrucción en el sentido de que, como ya la resolución de Su Señoría ha sido en ese sentido expresada, también es prueba acumulativa en cuanto a todos y cada una de las contradicciones de los testigos, que son de carácter acumulativo, o sea, que si es de carácter acumulativo, tiene que serlo tanto en las cosas en que no hubieren contradicciones como en las que hubo contradicciones.

HON. JUEZ:

El compañero debe poner esa instrucción por escrito.

HON. FISCAL:

No estamos de acuerdo con el compañero.

HON. JUEZ:

Adelante Fiscal.

LCDO. PIERLUISI:

Vamos a solicitar que se tome taquigráficamente el informe del Fiscal.

HON. JUEZ:

Tómese taquigráficamente las palabras últimas del Fiscal para que consten en el récord.

HON. FISCAL: (Informe)

Como les decía y a solicitud del distinguido compañero Pierluisi, les voy a repetir lo que dije anteriormente para que ella lo tome, la taquígrafa, y él pueda hacer las objeciones pertinentes a fines del procedimiento que él crea después conveniente.

*Les decía yo que el testimonio del señor Batiz y de la señora Teresa Vázquez de Batiz es corroborado también por la prueba que nosotros no presentamos y ofrecimos como prueba de carácter acumulativo, prueba que no fue presentada, pero ofrecida como prueba de carácter acumulativo,* sino que se puso a disposición de los abogados de la defensa, quienes mediante orden del Honorable Juez que preside esta Sala se entrevistaron con los testigos. ¿Cuál es el propósito de esta entrevista? El propósito es evitar que la prueba ofrecida como de carácter acumulativo, si no es entrevistada por la otra parte, pueda en alguna forma ser prueba distinta o prueba inexistente o prueba contradictoria o prueba adversa. *Porque es muy fácil si no hay esa oportunidad, yo renunciar a tres testigos que aparecen al dorso de la acusación, decir que es prueba acumulativa, no la presento y a lo mejor declaran todo lo contrario* a lo que habían declarado los otros tres. Por eso cuando no es prueba acumulativa se renuncia y se pone a la disposición de la defensa, pero no se dice nada; pero cuando lo es, y en este caso ustedes estaban presentes cuando se renunciaron los testigos que se mencionaron por sus nombres y que se le dio la oportunidad a la defensa de entrevistarlos.

Luego tenemos la prueba . . .

LCDO. PIERLUISI:

Fiscal usted dijo ahorita que esa testigo, la niñera esa, que no ha declarado, corrobora la declaración de Batiz y su esposa. Eso tiene que informarlo al Jurado para llevarlo a récord. O sea, Vuestro Honor me corregirá si me equivoco, el Fiscal manifestó a las damas y caballeros del Jurado que *la declaración de la niñera Ana María de Jesús, testigo que el Fiscal renunció por ser prueba acumulativa, que esa declaración corrobora en forma afirmativa la declaración de don Antonio Batiz y su esposa,* ¿correcto Fiscal?

HON FISCAL:

Sí, señor.

LCDO. PIERLUISI:

En estos momentos vuelvo a pedir a Vuestro Honor con todo respeto una reconsideración, ya *que esto constituye un error perjudicial a los intereses de nuestros defendidos por cuanto el Fiscal como principio no puede informar al Jurado sino alrededor de la prueba traída aquí.*

[Continúa argumentando.]

HON. JUEZ:

*Sin lugar la moción de reconsideración.*

LCDO. PIERLUISI:

Tomamos excepción.

HON. FISCAL:

Como hay un ruling del Tribunal, que se le anote excepción a todo lo que yo haga referencia sobre el particular.

HON. JUEZ:

Que se entienda que se halla anotada una excepción por los abogados de la defensa en cuanto a esa parte." (Énfasis nuestro.)

■ Dijimos en *Pueblo* v. *Fournier*, 80 D.P.R. 390, 408 (1958), que ningún argumento es lícito si hace referencia a prueba que no fue admitida durante el juicio. Esto es precisamente lo que aparece del incidente que acabamos de transcribir del récord de este caso. Y el error no fue curado por advertencia o instrucción al jurado. Por el contrario, el juez sentenciador equivocadamente sostuvo la posición improcedente del fiscal. En *Pueblo* v. *Ruiz*, 79 D.P.R. 957 (1957), sostuvimos la denegatoria de mociones de "mistrial" basadas en que el fiscal en su informe al jurado llevó a su conocimiento "elementos que no estaban sostenidos por la prueba", porque el tribunal de instancia dio al jurado las instrucciones adecuadas para proteger al apelante de las manifestaciones del fiscal objetadas por aquél. En el caso ante nos, no tan sólo no se trató de subsanar el error, sino que, como antes señalamos, el tribunal a quo sostuvo la posición errónea del ministerio

344

público. En *Pueblo* v. *Marchand Paz*, 53 D.P.R. 671, 680 (1938), la violación por el fiscal de la regla de que no debe permitirse comentario alguno en torno a cuestiones no traídas ante el jurado durante el juicio consistió en informar al jurado que un testigo que había declarado en el juicio había estado en la oficina del fiscal a informarle que le habían ofrecido dinero para que se embarcara a Estados Unidos. Resolvimos que tal manifestación resultó inevitablemente perjudicial, no podía ser subsanada por instrucciones y el dejar de presentar una objeción cuando se hizo no impedía que la cuestión se suscitase en apelación.[1] *Berger* v. *United States*, 295 U.S. 78 (1935).

■ El acto del fiscal al anunciar que renunciaba al testimonio de varios testigos por ser de carácter acumulativo, en presencia y con el consentimiento de la corte y sin objeción por parte de la defensa, como ocurrió en este caso, tuvo por único resultado el no crear la presunción en su contra que provee el Art. 102, inciso 5 de la Ley de Evidencia. (32 L.P.R.A. sec. 1887, inciso 5.) *Pueblo* v. *Dones*, 56 D.P.R. 211, 221 (1940); *Pueblo* v. *Ramírez*, 50 D.P.R. 234, 260 (1936); *Pueblo* v. *Campán*, 34 D.P.R. 107, 111 (1925).

En vista de lo expuesto, no podía el fiscal informar al jurado que el testimonio de ciertos testigos había sido corroborado debido a que él no presentó dichos testigos por "que serían prueba de carácter acumulativo . . . los renunciamos y los ponemos a disposición de la defensa y ese es nuestro caso."

*Habiéndose incurrido en un error sustancial al hacer manifestaciones impropias, que con toda probabilidad produjeron un efecto en el jurado perjudicial al apelante, sobre todo cuando en lugar de dar instrucciones, como solicitó el*

---

[1] Véanse además F. X. Busch, *Law and Tactics in Jury Trials*, sec. 521 (The Bobbs-Merrill Company, Inc., Publishers); Orfield, *Criminal Procedure from Arrest to Appeal*, pág. 442 (Oxford University Press); Wigmore, *Evidence*, Vol. VI, secs. 1806 y 1807 (3ra. ed., Little, Brown & Company).

*apelante, con el propósito de tratar de subsanar el error y desvanecer cualquier mal efecto que la manifestación impugnada hubiese producido en el jurado, el tribunal sentenciador sostuvo la errónea actuación del fiscal, procede, a nuestro juicio, que la sentencia del tribunal sentenciador sea revocada y el caso devuelto para un nuevo juicio, y así se ordena.*